IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT E. ARGUE, III,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| **DAVID DAVIS ENTERPRISES, INC.,** | : | |
| *trading as* **DAVIS ACURA,** | : | |
| Defendant | : | NO. 02-9521 |

**M E M O R A N D U M   A N D   O R D E R**

Gene E.K. Pratter, J.                                                                            September 6, 2006

      This litigation presents a host of competing potential prejudices and procedural pratfalls. Originally on a different judicial docket, this case[1] presented itself in its last gasps to this Court: Mr. Argue's counsel had been disqualified by the previous presiding judge in November of 2004 because of an apparent Rule 1.7 conflict of interest and a Local Rule 41.1(a) Notice of Intent to Dismiss for inactivity had been issued. A single effort at mediation had earlier come to naught, with both sides surmising that the magistrate judge found the other side to have behaved in a frustrating and uncooperative fashion. Perhaps hoping to see if the case could rise, phoenix-like, from these long-smoldering ashes, Mr. Argue, with the assistance of counsel who had already been disqualified, filed an Application to stay or deny the Rule 41.1(a) dismissal. Counsel also has indicated an intention to seek reconsideration of the disqualification order. Defendant David Davis Enterprises, Inc. ("Davis") opposes both of these efforts with its own "Motion in

---

[1] The claim advanced by Mr. Argue is that he was terminated by his former employer, David Davis Enterprises, Inc., in violation of the Age Discrimination Employment Act.

Opposition,"[2] emphasizing the very long delay in Mr. Argue and/or his counsel having undertaken these efforts. Davis also contends that Mr. Argue's requests[3] should be refused on their merits in any case. It appeared to the Court during the conference and oral argument that the operative facts on the disqualification issue had not been cogently presented to the prior presiding judge, and that the competing prejudices that could possibly be suffered by the parties if the Court ruled one way or the other on the Plaintiff's Application and on a motion to reconsider needed to be addressed. Therefore, the Court directed the parties to provide specific additional information to the Court. They have endeavored to do so, and the Court has reluctantly determined to exercise its discretion–for the reasons set forth briefly below and upon the terms outlined here - - to permit counsel to seek to resume representation of Mr. Argue and to permit the case to proceed.

With respect to the reconsideration of the representation issue, as indicated during the conference and oral argument, it appears that, somewhat inexplicably, Plaintiff's counsel had not succeeded in timely bringing to the prior judge's attention all of the relevant facts concerning the timing and circumstances of counsel's firm's nominal representation of Davis in the unrelated

---

[2] During a transcribed status conference and informal oral argument on the pending matters, the Court and the parties' counsel agreed that the defense "motion" could and should be treated as a response in opposition to Mr. Argue's Application.

[3] At this time, no formal motion for the reconsideration of the disqualification order has been filed. However, the Court has become aware of many, if not all, of the background facts and equities attendant to the status of the disqualification issue. The Court has determined to proceed with reconsideration of the disqualification order for reasons outlined in this Memorandum and will permit submission of such other information and argument as the parties deem appropriate on or before September 18, 2006. In so doing, the parties are encouraged to seriously consider the import of the grounds upon which the Court has reached the conclusion to reconsider the disqualification and to present only those arguments as will not further needlessly delay this case.

matter and its conclusion.  It is also evident to the Court that Davis was both slow to raise the nominal conflict and not in any risk of having been prejudiced in any way by the technical and short-lived conflict and the surrounding circumstances.  Indeed, the paucity of prejudice to Davis prompts this Court to find that the equities weigh heavily in favor of Mr. Argue when evaluating the competing prejudices to the parties as they now present themselves.  Specifically, Mr. Argue has sufficiently documented his lengthy and good faith unsuccessful efforts, even with the aid of prior counsel, to secure new counsel.  Thus, the Court accepts the argument that prohibiting Mr. Argue from attempting to move forward with his originally selected counsel could effectively mean that Mr. Argue would be left without any legal representation, through no inappropriate fault of his own.  Given the undeniably long passage of time since the occurrence of the various procedural events at issue in the pending Application, and recognizing that Mr. Argue has effectively been without counsel in this case for almost two years, the Court will interpret counsel's proposed intended pursuit of a lifting of the disqualification order as, in essence, an intention to request to enter his appearance anew, notwithstanding his firm's prior conflicting representation of Davis.  Thus, the Court anticipates a request that it consider the representation issue under the decidedly more tolerant conditions of Rule 1.9 of the Pennsylvania Rules of Professional Conduct to permit counsel to pick up the reins of representation of Mr. Argue in this case upon such terms as counsel and Mr. Argue find appropriate.

  For the same reasons that the Court accepts that Mr. Argue could not secure new counsel and should be permitted to seek a reconsideration of the disqualifications order, the Court concludes that those reasons, especially when coupled with the legal representation problems, sufficiently explain the inactivity in the case from Mr. Argue's perspective.  Therefore, the case -

- which all parties agree was fully prepared and ready for trial when the representation issue and the inactivity issue were raised - - will not be dismissed pursuant to Local Rule 41.1(a).

In reaching these conclusions, the Court is neither validating Plaintiff's counsel's approach to these issues (which, the Court believes, was bordering on being both inattentive and incomplete and, therefore, caused much of the problematic present posture of the case), nor endorsing overly casual attention to Rule 1.7 conflicts of interest.  Likewise, the Court is not unmindful of the costs these developments and delays may have visited upon Davis.  However, in response to the Court's invitation to delineate the actual prejudice to Davis by the delays in this case, the evidentiary hardships enumerated were, as presented, no more than potential problems.  Davis's submission did not account for the circumstances that the parties had apparently deposed all witnesses pertinent to the case before the "show stopping" issues arose.  Therefore, even assuming the former Davis employees as to whose "present employer or whereabouts" Davis's controller is "unaware" as stated in the controller's affidavit are indeed not locatable in time for trial, if their information and testimony are important for Davis at trial, their pretrial depositions are presumably available for use.  Thus, as the only prejudice presented by Davis as a result of the passage of time was the change in its workforce as to a number of its witnesses, this circumstance is less compelling and more easily ameliorated in comparison to the grave prejudice to Mr. Argue if the period of inactivity were to be the reason for complete dismissal of his case.  This does not mean, however, that Davis could not elect to present by way of a motion for sanctions to seek reimbursement for very reasonable and fully documented costs and/or partial attorneys fees incurred by Davis in connection with responding to Plaintiff's Application, including one counsel's appearance at the May 31, 2006 conference but not

including preparation of the supplemental response requested by the Court. Davis may also consider the possible merits of a motion in limine seeking to restrict Plaintiff's proofs at trial if such proofs put Davis at an unavoidable disadvantage because of the delay in proceeding with the case.

Accordingly, for the foregoing reasons, Plaintiff's Application is granted and the Court will reconsider the prior disqualification order and will permit counsel to submit a motion for leave to re-enter his appearance as well as opposing counsel to submit such opposition to re-entry of counsel's appearance as may be deemed appropriate. The case will proceed as outlined in the accompanying Order.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT E. ARGUE, III,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| **DAVID DAVIS ENTERPRISES, INC.,** | : | |
| *trading as* **DAVIS ACURA,** | : | |
| Defendant | : | NO. 02-9521 |

**O R D E R**

Gene E.K. Pratter, J.                                                                                September 6, 2006

**AND NOW**, this 6th day of September, 2006, upon consideration of Plaintiff's Application (Doc. No. 32) and Defendant's response thereto (Doc. No. 35), as well as the parties' respective supplemental submissions (Doc. Nos. 43 and 44), and following oral argument thereon, it is **ORDERED** that:

1. The Application to Stay or Deny Dismissal is **GRANTED** and this case shall not be dismissed pursuant to Local Rule 41.1(a);

2. The informal request for permission to move for reconsideration of the disqualification Order of November 4, 2004 is **GRANTED,** and Charles J. Weiss, Esq. shall be permitted to formally move for permission to represent Plaintiff Robert Argue in this litigation, such motion and any opposition thereto to be filed on or before September 18, 2006;

3. The parties shall participate in a settlement conference presided over by Magistrate Judge Timothy Rice at such time and under such condition as

determined by Judge Rice, such conference to be conducted as promptly as possible, but not later than November 15, 2006; and

4. If this litigation remains unresolved following the conference with Judge Rice, any motion(s) for summary judgment shall be filed no later than December 31, 2006 and responded to no later than January 31, 2007.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
United States District Judge