IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT E. ARGUE, III,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **DAVID DAVIS ENTERPRISES, INC. t/a** | : | |
| **DAVIS ACURA,** | : | |
| Defendant. | : | |
| | : | NO.: 02-CV-9521 |

### DEFENDANT DAVID DAVIS ENTERPRISES, INC. t/a DAVIS ACURA'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Defendant David Davis Enterprises, Inc. t/a Davis Acura respectfully submits the following proposed Supplemental Jury Instructions upon which to instruct the jury at the end of trial. Defendant respectfully reserves the right to further supplement these jury instructions at the close of evidence in this case.

Respectfully submitted,

　　s/Veronica W. Saltz
Veronica W. Saltz, Esquire
Saltz Polisher P.C.
993 Old Eagle School Road, Ste. 412
Wayne, PA 19087
(610) 964-3333

Attorney for Defendant
David Davis Enterprises, Inc. t/a
Davis Acura

Dated: February 12, 2008

**PRIMA FACIE CASE OF AGE DISCRIMINATION**

To state a claim for age discrimination under the Age Discrimination in Employment Act, plaintiff Robert Argue has the initial burden to establish what is referred to as a *prima facie* case of discrimination. This may be done by plaintiff showing the following:

(1) that he is a member of the protected class;

(2) that he was qualified for the job that he held;

(3) that he suffered from an adverse employment decision; and

(4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination.

*Hill v. Borough of Kutztown,* 455 F.3d 225, 247 (3d Cir. 2006).

**PRIMA FACIE ELEMENTS – ESTABLISHED**

Defendant Davis Acura admits that plaintiff is in the protected class over the age of 40, that his employment with Davis Acura was terminated and that plaintiff was replaced by an individual sufficiently younger.  It if for you, the jury, to determine if plaintiff was qualified for the position.

**QUALIFICATION FOR POSITION – DEFINED**

To establish that plaintiff was qualified for the position in question, plaintiff Mr. Argue must show that he satisfied the normal requirements of the job or, stated another way, that he was performing his job at a level that met his employer, Davis Acura's legitimate expectations.

If you find that Mr. Argue met his burden in showing that he was qualified for the position at the time of his termination, then Mr. Argue has met his initial burden of establishing a *prima facie* case of age discrimination.

*McClain v. Mack Trucks, Inc.,* 532 F. Supp. 486, 489 (E.D. Pa. 1982) *aff'd* 707 F.2d 1393 *cert. denied* 462 U.S. 1137 (1983); *Whack v. Peabody & Wind Engineering Co.,* 452 F. Supp. 1369, 1371 (E.D. Pa. 1978), *aff'd,* 595 F.2d 190 (3d Cir. 1979); *Woodfield v. Heckler,* 591 F. Supp. 1390, 1397 (E.D. Pa. 1984) relying on *EEOC v. Western Electric Co., Inc.,* 713 F.2d 1011, 1014 (4th Cir. 1983). See also *Andree v. Siemens Energy And Automation, Inc.,* 90 Fed. Appx.145, 151 (7th Cir. 2003)(plaintiff's prima facie case in under ADEA requires showing that he was performing job to the employer's legitimate expectations).

**ARTICULATION OF LEGITIMATE NON-DISCRIMINATORY REASON**

If you find that Mr. Argue met his initial burden of showing a *prima facie* case of discrimination, the burden then shifts to the employer, Davis Acura, to articulate "some legitimate non-discriminatory reason" for plaintiff's termination of employment. If you find that Davis Acura has given some legitimate non-discriminatory reason for plaintiff's termination, for plaintiff to ultimately prevail he must prove by a preponderance of the evidence that the employer Davis Acura's asserted reason was merely a pretext for unlawful discrimination.

At all time, the ultimate burden of persuasion remains with plaintiff Mr. Argue.

*Furnco Construction Corp. v. Waters,* 438 U.S. 567, 578 (1978); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-804 (1973); *Massarsky v. General Motors Corp.* 706 F.2d 111, 118 (3d Cir. 1983).

## **CERTIFICATE OF SERVICE**

I, Veronica W. Saltz, Esquire, hereby certify that a true and correct copy of Defendant David Davis Enterprises, Inc. t/a Davis Acura's Supplemental Proposed Jury Instructions were served via electronic filing on this 12th day of February, 2008, upon the following:

Charles J. Weiss, Esquire
Timoney Knox
400 Maryland Drive, P.O. Box 7544
Fort Washington, PA 19034

　　　　　　　　　　　　　　　　　　　　　　s/Veronica W. Saltz
　　　　　　　　　　　　　　　　　　　　　Veronica W. Saltz, Esquire