IN THE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III,<br>　　　　Plaintiff<br><br>　　v.<br><br>DAVID DAVIS ENTERPRISES, INC., t/a<br>DAVIS ACURA,<br>　　　　Defendant | : CIVIL ACTION NO. 02-9521<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2008, having reviewed Defendant's Motion *in Limine* to Preclude Damages, and Plaintiff's opposition thereto, and having found no good cause therefor, the Motion is hereby denied.

BY THE COURT

_____
GENE E.K. PRATTER
United States District Judge

233589-1

IN THE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III,<br>            Plaintiff<br><br>v.<br><br>DAVID DAVIS ENTERPRISES, INC., t/a<br>DAVIS ACURA,<br>            Defendant | :  CIVIL ACTION NO. 02-9521<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE DAMAGES**

Plaintiff Robert Argue, III ("Argue") hereby responds to the Motion *in Limine* to Preclude Damages filed by Defendant, David Davis Enterprises, Inc., t/a Davis Acura ("Davis"). Argue seeks the following damages under ADEA and/or PHRA at trial: back pay, double damages on back pay, front pay, out-of-pocket costs of health insurance, medical bills and replacing a vehicle, etc., and compensatory damages for emotional and/or physical pain and distress. Even if the damages are not recoverable under the ADEA, that is irrelevant since Argue is entitled to the damages under the PHRA.

While Argue also seeks an assessment against Davis in the amount of any negative tax consequences he may have, resulting from the award of damages, he respectfully requests that he be allowed to brief the Court on that issue in the post-trial motion he plans to file on the subject, along with expert testimony.

    **I.**    **The Plaintiff is Entitled to Compensatory Damages Under PHRA and Is Not Required to Provide Expert Testimony on the Subject**

An employee who has been discriminatorily discharged from his or her job, for age-related reasons, is entitled to be compensated for the physical and emotional pain, suffering and distress that, consequentially, he or she has suffered. These damages include compensation for

233546-1

emotional pain, suffering, embarrassment, humiliation, inconvenience, and mental anguish and distress. O'Neill v. Sears, Roebuck & Co. ("O'Neill"), 108 F. Supp 2d 433 (E.D. Pa. 2000); Curtis v. Robern, Inc., 819 F. Supp. 451 (E.D. Pa. 1993); Bolden v. SEPTA, 21 F.3d 29 (3rd Cir. 1994); Becker v. ARCO, 15 F. Supp.2d 600 (E.D. PA. 1998), *rev'd on other grounds*; see, also, Gagliardo v. Connaught Labs ("Gagliardo"), 311 F.3d 565 (3d Cir. 2002).

Furthermore, medical testimony is not required to compensate Argue for pain, suffering, and emotional distress. O'Neill and Gagliardo, *supra*.

An employee who has been discriminated against on the basis of his or her age can be compensated for the cost of obtaining or replacing any lost benefits, including, for example, a vehicle if one was provided during employment. Gallo v. John Powell Chevrolet, Inc. ("Gallo"), 779 F.Supp. 804 (M.D. Pa. 1991); Taylor v. Central Pa. Drug and Alcohol Services Corp., 890 F. Supp. 360 (M.D. Pa. 1995). Additionally, with respect to health insurance, Argue can recover the cost of obtaining comparable coverage from the date of his termination from Davis to trial. Gallo, *supra*.

II.     **The Plaintiff Is Entitled to Seek Liquidated Damages Under the ADEA**

If the jury finds that Davis's violation of the age discrimination laws was willful, Argue is entitled to double the back pay award. 29 U.S.C. sec. 626(b); Bhaya v. Westinghouse Elec. Corp., 629 F. Supp. 921 (E.D. Pa. 1985); O'Neill, *supra*; Rodriguez v. Taylor, 569 F.2d 1231 (3rd Cir. 1977), *cert. denied*, 436 U.S. 913 (1978). A violation of the ADEA is considered to be willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the laws against age discrimination. 29 U.S.C. sec. 626(b); Kraemer v. Franklin and Marshall College, 941 F. Supp. 479 (E.D. Pa. 1996), and cases cited therein; Hazen Paper Co. v. Biggins, 507 U.S. 604 (193); O'Neill, *supra*.

The issue of whether the ADEA was willfully violated is a fact question for the jury. Davis asserts facts in its Memorandum of Law which this Court cannot consider. Moreover, if this Court were to consider facts set forth only in a Memorandum of Law, Argue has more than enough evidence to establish Davis's awareness of the prohibitions of the ADEA; also, there is substantial evidence of a purging of older employees. Finally, the cases cited by Davis clearly are not meant to limit the circumstances under which a finding of willfulness is permitted; they merely set forth examples of instances of willfulness.

### III. Conclusion

Based on the authorities cited above, Argue is entitled to seek compensatory damages and liquidated damages should he prove age discrimination at the trial of this case. Argue will brief the issue of compensation for negative tax consequences on any damages award, and present expert testimony on the subject, at the post-trial stage.

**TIMONEY KNOX, LLP**

s/Charles J. Weiss
Attorney I.D#15771
400 Maryland Drive, P.O. Box 7544
Fort Washington, PA 19034-7544
(215) 646-6000
Attorneys for Plaintiff

IN THE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT E. ARGUE, III, | : | |
| --- | --- | --- |
| Plaintiff | : | CIVIL ACTION NO. 02-9521 |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| DAVID DAVIS ENTERPRISES, INC., t/a | : | |
| DAVIS ACURA, | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Charles J. Weiss, Esquire, counsel for Robert E. Argue, III, do hereby certify that a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Response to Defendant's Motion *in Limine* to Preclude Damages was served electronically upon and, also, forwarded to the below listed counsel by prepaid, first-class U.S. Mail dated February 15, 2008:

> Veronica W. Saltz, Esquire
> SALTZ HOLLAENDER, P.C.
> 993 Old Eagle School Road
> Suite 412
> Wayne, PA 19087

> By: s/Charles J. Weiss
> Attorney for Robert E. Argue, III

233606-1