UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III,<br>　　　　Plaintiff<br><br>　　v.<br><br>DAVID DAVIS ENTERPRISES, INC., t/a<br>DAVIS ACURA,<br>　　　　Defendant | :<br>:   CIVIL ACTION NO. 02-9521<br>:   JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

ORDER

ND NOW, this _____ day of _____, 2008, upon the consideration of Plaintiff's Petition For Attorneys' Fees and Costs and any Response thereto, it is hereby ORDERED AND DECREED that Plaintiff's Petition is GRANTED.

IT IS, THEREFORE, FURTHER ORDERED THAT Plaintiff, Robert E. Argue, III, be awarded attorneys' fees in the amount of _____ ($_____) and costs in the amount of _____ ($_____), equaling the total sum of _____ ($_____), that judgment is hereby entered in favor of plaintiff and against defendant, David Davis Enterprises, Inc., t/a Davis Acura, for this sum, and that post-judgment interest shall accrue on this sum at the rate of _____ percent (__%) from and after the date of this Order.

BY THE COURT:

_____
HONORABLE GENE E.K. PRATTER

235111-1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III,<br>　　　　Plaintiff<br><br>　　v.<br><br>DAVID DAVIS ENTERPRISES, INC., t/a<br>DAVIS ACURA,<br>　　　　Defendant | CIVIL ACTION NO. 02-9521<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, Robert E. Argue, III ("Argue"), hereby Petitions the Court for an award of attorneys' fees and costs pursuant to the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act. Under the aforementioned statutes, a prevailing party is entitled to an award of attorneys' fees and costs. 29 U.S.C. § 626(b) of the ADEA, incorporating 29 U.S.C. § 216(b) of the FLSA; 43 P.S. § 962 of the PHRA. In support of his Petition, Plaintiff relies upon and incorporates herein the attached Memorandum of Law and Declarations, with supporting exhibits, of Charles J. Weiss, Esquire, Larry J. Rappoport, Esquire, William Fox, Esquire and George Wood, Esquire.

TIMONEY KNOX, LLP

By: _____
CHARLES J. WEISS, ESQUIRE

235111-1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III,<br>　　　　　Plaintiff<br><br>　　　　v.<br><br>DAVID DAVIS ENTERPRISES, INC., t/a<br>DAVIS ACURA,<br>　　　　　Defendant | :　CIVIL ACTION NO. 02-9521<br>:　JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S PETITION
FOR ATTORNEYS' FEES AND COST**

**I.    BACKGROUND**

Plaintiff, Robert E. Argue, III ("Argue"), commenced his age discrimination claim(s) against Defendant, Davis Acura, by filing a Complaint of Discrimination with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission on July 2, 2001. After nothing was resolved at the administrative level and right-to-sue letters were issued, Argue commenced this action by filing his Complaint in this Court on December 31, 2002. The case was complex and hotly contested on virtually every issue of liability and damages. The liability question was, indeed very close (*see, e.g.*, Weiss Declaration, attached hereto as Exhibit "T", paras. 32-33).

Between February 19 and February 29, 2008, Mr. Argue's case was tried to a jury before the Honorable Gene Pratter. The jury returned a verdict in favor of Mr. Argue on his age claim under the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). Damages for back pay in the amount of $127,500 were awarded.[1] On March 4, 2008, the verdict was entered as a judgment in favor of Plaintiff. Argue now seeks an

---

[1] Plaintiff has filed a Motion to Mold the Verdict or Amend the Judgment so as to increase the lost wage component of the back pay to $200,734, for a total judgment of $221,734. Plaintiff has also filed a Motion to Mold or Alter the Verdict/Judgment to compensate him for pre-judgment interest and the negative federal income tax consequence.

235111-1

award of attorneys' fees and costs to compensate him for the legal struggle that took place over more than seven years (the undersigned undertook representation of plaintiff in January, 2001).

On January 11, 2001, Argue contacted Charles J. Weiss, Esquire, about his age discrimination claim(s) against Davis Acura. Shortly thereafter, Mr. Weiss and his law firm, Timoney Knox, LLP (hereinafter collectively referred to as "Counsel"), were hired to represent Plaintiff on a contingent fee - advance costs basis. Except for a period when Counsel was disqualified, improperly so, because of a then-current conflict of interest, Counsel has continued to represent Argue as counsel of record to the present. As set forth in para. 29 of the Declaration of Charles J. Weiss, Esquire, attached hereto as Exhibit 1, this representation has included, without limitation, the following:

    a.    Numerous consultations with and interviews of Mr. Argue and various potential witnesses over the years -- to ascertain the details of the claim(s), admissible evidence, and to establish defenses to defendants' affirmative defenses on liability and damages;

    b.    Receipt, review, and organization of Mr. Argue's documents and materials related to his claim to develop an understanding of its merits and to prosecute the case;

    c.    Performance of legal research on the numerous issues related to Mr. Argue's claim(s) and/or the defenses raised, analyzing the issues and case law, and preparing memorandums of law internally and for the Court;

    d.    Preparation of a Complaint of Discrimination for administrative filing;

    e.    Preparation for and attendance at a fact-finding/mediation conference before the Pennsylvania Human Relations Commission;

    f.    Communications and dealings with the Pennsylvania Human Relations Commission, supplying information and documents to the Pennsylvania Human Relations Commission, receiving and analyzing defendants' answer, information, and documents submitted to the Pennsylvania Human Relations Commission, and,

ultimately, reviewing and analyzing the entire Human Relations Commission file obtained pursuant to subpoena;

g. Drafting and filing of Mr. Argue's federal court lawsuit;

h. Creating witness, document, and damages lists/summaries;

i. Engaging in written discovery and substantial document production, and preparing and filing various discovery-related motions; negotiating, re-drafting, and finalizing a Stipulated Protective/Confidentiality Order;

j. Preparing for and attending two depositions of Mr. Argue and one of his wife;

k. Preparing for and conducting five depositions of Davis Acura's owner and employees;

l. Conducting legal research, reviewing and summarizing depositions, and preparing the necessary response to Davis Acura's Motion for Summary Judgment;

m. Reviewing defendants' offer of judgment under Rule 68, researching issues related to same, and analyzing whether and how to respond;

n. Attending multiple status and/or pre-trial conferences, including settlement conferences, requiring, *inter alia*, preparation of settlement conference memos;

o. Researching and preparing responses to Davis Acura's' Pre-Trial Motions In Limine;

p. Preparing final trial submissions in accordance with the Court's Scheduling Order and general rules of procedure and the local Rules of Civil Procedure;

q. Researching and preparing plaintiff's Motion(s) in Limine;

r. Conducting legal research in preparation for trial and during trial with regard to expected issues at trial and for the purpose of preparing and arguing as to jury instructions, the verdict form, and evidentiary issues at trial;

s. Retaining and working with plaintiff's expert in preparing and submitting expert analysis and reports throughout the case, and with regard to his trial testimony, including preparation of a

       detailed employment and wage history of plaintiff prior and subsequent to his discharge;

t.    Receipt, review, analysis, and study of the defense expert report and the governmental studies cited therein - for purposes of cross exam and/or rebuttal at trial;

u.    Detailed review and preparation for trial, including numerous hours of preparation with plaintiff and his witnesses, and numerous hours preparing for cross-exam of defendants' expected witnesses;

v.    Selecting a jury and trying the case to a jury - February 19-29 - and complying with the Court's research and document preparation requirements as to legal issues and jury instructions throughout the trial;

w.    Preparation of Plaintiff's Petition for Attorney's Fees and Costs and all attachments thereto, and other Post-Trial Motions re: pre-judgment interest and the negative federal income tax consequence; and

x.    Review, research, analysis and preparation of plaintiff's post-trial motion to mold or amend the judgment so as to include a full award of lost wages from date of discharge to date of verdict.

In addition, as per para. 30 of Exhibit I, Counsel spent numerous hours on the following matters:

a.    Researching and defending against defendants' Motion to Disqualify Counsel, in assisting plaintiff, after disqualification, in his search for other counsel, in preventing dismissal of the case under Local Rule 41.1(a), in seeking reconsideration of the disqualification order, and in ultimately seeking and obtaining approval for reinstatement and re-entry of appearance on behalf of plaintiff;

b.    Researching, investigating, taking discovery related to, reviewing documents, and defending against defendants' after-discovered evidence defense; and

c.    Researching, investigating, reviewing documents, and defending against defendants' failure to mitigate defenses.

Argue seeks attorneys' fees in the amount of $448, 205.50, for 1,216.50 hours expended by Timoney Knox, LLP over seven years from January 11, 2001 through February 29, 2008.  In

addition, Argue seeks reimbursement of litigation costs during this period in the amount of $14,537.85. Argue also seeks an award for post-trial services rendered in the sum of $13,673 for fees and additional costs (including Mr. Verzilli's final bill for his trial appearance) incurred in the sum of $2,250 for the work reasonably needed to research, prepare, and file his motions to compensate him for pre-judgment interest and the negative federal income tax consequence and for the work reasonably needed to research, prepare, and file the within petition (and all supporting exhibits), and for post-trial fees in the sum of $7,091 for the work reasonably needed to research, prepare, and file his Motion to Amend/Mold the Judgment/Verdict So As To Increase His Total Back Pay Award to $221,234. The total sought through March 17, 2008 is $468,969.50 for legal fees and $16,787.85 for costs.

As set forth in the Declaration of Charles J. Weiss, Esquire, and supported by several supporting Declarations of experienced Philadelphia-area attorneys (Exhibits 2, 3 and 4), the fees and costs sought herein were reasonably and necessarily incurred in connection with the prosecution of Argue's age discrimination claim(s), were instrumental in his obtaining a favorable verdict and judgment, as same may be amended, and were necessary to properly represent Argue after the jury's verdict on February 29, 2008 and including March 17, 2008.

## II. ARGUMENT

Under both the ADEA and the PHRA, a prevailing party is entitled to an award of attorneys' fees and costs. 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b) of the Fair Labor Standards Act; and 43 P.S. § 962 of the PHRA. In this case, Argue is a prevailing party because he has secured an enforceable judgment on the merits. *Buckhannon Bd. And Care Home, Inc. v. West VA Dep't of Health and Human Res.*, 531 U.S. 1004, 149 L.Ed.2d 855, 121 S.Ct. 1835, 1840 (2001).

The party seeking an award of attorneys' fees and costs bears the burden of proving that the request is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d. Cir 1990). The Court assesses the reasonableness of claimed attorneys' fees by using the lodestar formula. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The lodestar formula is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Maldonado*, 256 F. 3d at 184 *citing Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct.1933 (1983). The lodestar is presumed to yield a reasonable fee. However, the court maintains discretion to adjust the lodestar upward or downward based upon the evidence submitted by the parties. *Rode*, 892 F.2d at 1183.

**A.     Counsel's Requested Hourly Rate is Reasonable**

The Court's function in determining a reasonable hourly rate is to assess the experience and skill of the prevailing party's attorney in comparison with the prevailing market rates in the relevant community for lawyers of reasonably comparable skill, experience, and reputation. *Maldonado*, 256 F.3d at 184. When attorneys' fees are awarded, the current market rate is to be used. *Lanni v. N.J.*, 259 F.3d 146, 1489-150 (3d Cir. 2001) (*citing Rode*, 892 F.2d at 1183). The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed. *Id* (*citing Rode* at 1188-89).

**1.     Lead Counsel-Charles J. Weiss, Esquire.**

Mr. Weiss' billing rate for this case is $425.00 per hour. In Mr. Weiss' Declaration, he explains that this billing rate is based upon 34 years of litigation experience and in line with the prevailing rates charged in Philadelphia and its surrounding counties by equally knowledgeable and experienced trial counsel and law firms taking on equally challenging cases. This rate is supported by the Declarations of other highly skilled and qualified employment litigation

attorneys -- William Fox and George Wood, who usually represent plaintiffs on a contingent fee basis, and Larry Rappaport, who usually represents defendants.

Mr. Weiss attended Villanova Law School in the mid-1970s and was a member of the Law Review and graduated sixth in his class. Since being admitted to the Pennsylvania bar, he has practiced law full-time as an associate or partner at Timoney Knox, LLP. Mr. Weiss became a full partner in 1980 and has been a senior partner for over twenty (20) years. In addition to being admitted to the Pennsylvania Bar and authorized to practice before the Supreme Court of Pennsylvania, Mr. Weiss is admitted to practice in the United States District Courts for the Eastern and Middle Districts of Pennsylvania, and the United States Court of Appeals for the Third Circuit.

Mr. Weiss has handled cases in many different courts in Pennsylvania, state and federal, including appellate work, and has also handled matters in other jurisdictions with the assistance of local counsel. He has evaluated, brought, prosecuted, defended, administered, managed, litigated, tried, and assisted in trying a multitude of civil and criminal cases, with the emphasis on civil litigation since 1982. Mr. Weiss's civil litigation experience includes cases under the various civil rights, discrimination, and whistleblower laws, the Rehabilitation Act of 1973, the ADA, ADEA, Title VII, the Pennsylvania Human Relations Act, 42 Pa. C.S.A. §1983, ERISA, the Pennsylvania Wage Payment and Collection Law, and the Fair Labor Standards Act. Over the years to the present time, employment-related cases and related contract and commercial litigation have become the majority of his case load. He has represented both employers and employees. In employment-related cases where he has represented employees as plaintiffs, he has done so almost exclusively on a contingent fee basis.

Mr. Weiss estimates that he has handled, as lead counsel, over two hundred cases that have gone to trial before judge, jury, or arbitration panel, with at least forty-fifty of these being jury trials. These numbers likely equal or exceed the number of cases tried by most of his colleagues with equal experience. Additionally, as supported by the declarations of other qualified attorneys, Mr. Weiss is well respected as a litigator in the greater Philadelphia legal community. *See* Exhibits 2, 3 and 4 attached hereto. These other attorneys confirm that the hourly rate sought by Mr. Weiss herein is consistent with the rates of other attorneys of similar stature and experience in the local legal community.

As important, Counsel's entire fee was/is contingent and rested solely upon successful prosecution of this litigation and obtaining a favorable result as to liability on behalf of Argue. Timoney Knox assumed all the risks of this litigation with respect to an award of attorneys' fees and reimbursement of costs. This risk was substantial given the complexities of the case, the difficult liability question, the various defenses raised as to liability and damages, and the vigorous nature of the defense (*see, e.g.*, the attached Declaration of Mr. Wood, paras. 9-14 and Mr. Fox, paras. 8-10).

While the Community Legal Services, Inc. fee schedule has been approved by courts as reasonable, here the CLS fee schedule is not necessary to determine a reasonable rate because Mr. Weiss has provided sufficient evidence regarding reasonable hourly rates and he is not associated with nor employed by CLS. *See Maldonado*, 256 F.3d at 183; *see also Roman v. PAC Industries, Inc.,* 2008 WL 191180, *2 (E.D.Pa., Jan. 22, 2008). Therefore, while the appropriate CLS rate should certainly be taken into consideration, it should be viewed as a floor not a ceiling.

2. Additional Attorneys, Law Clerk, and Paralegals

During prosecution of the case, Mr. Weiss was assisted at times by senior associates, Ann Thornburg Weiss, Carol Crisci, and Joshua Ganz and law clerk Julie Starita. Additionally, in 2003, Mr. Weiss was also briefly assisted by a former junior associate, Joseph Bryan Tuk, who performed certain legal research. Mr. Weiss was also assisted in various years by paralegals in the firm.[2] Ms. Weiss performed direct services on this case in the 2001 and 2003-04 time period dealing largely with discovery-related matters and motions and certain legal research. Ms. Weiss graduated Temple University School of Law in 1980 and has been a licensed attorney in the Commonwealth of Pennsylvania since 1981. After a two year clerkship with the Pennsylvania Superior Court, 1981-1983, she became employed by Timoney Knox in 1994 as an associate attorney; after a stint as partner from 1990-1998, Ms. Weiss has remained with the firm to the present at a level equivalent to that of senior associate

Ms. Crisci assisted in 2004-2006 mostly with legal research, review of files, compilation of documents, and the preparation of filings with the court having to do with opposition to the defendants' motion to disqualify Mr. Weiss and Timoney Knox, the subsequent effort to prevent termination of the case for lack of prosecution, the subsequent request for reconsideration and reinstatement regarding disqualification, and, ultimately, Timoney Knox's re-entry into the case on behalf of plaintiff.

Ms. Crisci graduated Widener University School of Law in 1995 and has been a licensed attorney in the Commonwealth of Pennsylvania since 1996. After a two year clerkship with two president judges of the Pennsylvania Superior Court, Ms. Crisci was a staff attorney on central legal staff of the Pennsylvania Superior Court for 1 ½ years. Ms. Crisci then entered private

---

[2] However, no paralegal time has been charged herein. See Weiss' Declaration, Exhibit I, para. 21.

practice with the firm of Murphy, Oliver, Caiola and Gowen, P.C., from 1998-2002. Following that, Ms. Crisci became employed as a senior associate with Timoney Knox and has remained employed there to the present time. Ms. Crisci has substantial research, writing, and appellate experience and has given seminars to other attorneys on appellate practice.

Mr. Ganz has been involved with this case since February 29, 2008, primarily in helping with research and preparation of this Petition for Attorneys' Fees and Costs and the supporting exhibits. Mr. Ganz graduated from the University of Pittsburgh School of Law in 2000 and has been a licensed attorney in the Commonwealth of Pennsylvania and in the State of New Jersey since 2000. After a five year stint in private practice as an associate attorney with Sweet, Stevens, Tucker and Katz in Bucks County, Pennsylvania, during which time he worked on numerous labor and employment discrimination cases, Mr. Ganz became employed as an associate attorney in private practice with Wiggin and Dana, Conshohocken, Pennsylvania, and remained there for a about two years, following which he became employed at Timoney Knox as a senior associate beginning in March, 2007.

Ms. Starita has worked on this case with Mr. Weiss since 2007. Her work has consisted almost exclusively of legal research, case and issue analysis, preparation of memos and briefs, preparation of documents for filing, and consultation and assisting with cases, particularly with trial preparation and during trial and post-trial. She was supposed to attend trial with Mr. Weiss each day, but after two days she became ill and could not attend trial after that. She was, however, available to help with certain legal research and document preparation after February 20, 2008. Ms. Starita is a trained and experienced lawyer, having been a civil litigator in California from 1981 to 1991. Her good standing but "inactive" status in that state's bar precludes her from holding herself out as an attorney. Since 1991, she has been content to work

as a paralegal and/or law clerk in Oregon and, since 2000, in Pennsylvania. She has been working with Timoney Knox as a law clerk since 2005. Notwithstanding her lack of a current license to practice law, as a law clerk, she brings a substantial wealth of legal knowledge and experience to her position and her assistance has been and continues to be invaluable in this case (and others); at minimum, her work is as valuable as the work of the senior associates.

The hourly rate currently charged by Mr. Weiss for contingent fee civil rights cases is $425. The hourly rate currently charged by Timoney Knox for Mr. Ganz and Ms. Crisci is $250 per hour, and $275 per hour for Ms. Weiss . The current hourly rate charged by Timoney Knox for junior associates (such as Mr. Tuk) is $200 per hour. The current hourly rate charged for Ms. Starita's time is $185 per hour.[3] These rates are reasonable in light of the skill and experience of these individuals and given the established local market rates for similar work, *i.e.*, as measured by rates typically charged for comparable services by attorneys and law clerks of equal stature and status in the Philadelphia area legal community. *See* the Declarations attached hereto as exhibits 2, 3 and 4. Finally, these rates are in line with the prevailing market rates in Philadelphia as delineated in the Community Legal Services, Inc. fee schedule. *See* Exhibit "C," attached to Exhibit 1.

B. **The Time And Costs Expended On The Litigation Were/Are Reasonable**

A prevailing party may be awarded fees for work that is useful and the type ordinarily necessary to secure the final result obtained. *Pub. Interest Res. Group of NJ, Inc. v. Windall*, 51 F.3d 1179, 1189 (3d Cir. 1995). It is the Court's function to determine whether the time expended was reasonable in light of the work performed, and to exclude any excessive, redundant, or unnecessary time. *Maldonado*, 256 F.3d at 184. The Court's role is limited to

---

[3] If she were licensed as an attorney, her time would be billed at no less than the rate of Ms. Weiss, or $275 per hour.

making reductions only in response to specific objections to the fees requested. *United States v. Eleven Vehicles*, 200 F.3d 203, 211-12 (3d Cir. 2000).

An attorney seeking compensation "must document the hours for which payment is sought with sufficient specificity." *Washington v. Phila. Ct. of Comm. Pleas*, 89 F.3d 1031, 1037 (*quoting Keenan v. City of Phila.*, 983 F.2d 459, 472 (3d Cir. 1992)). Specifically, a "fee petition is required to be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." *Id.* (*quoting Keenan*, 983 F.2d at 473). A fee petition should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." *Id.*(*quoting Rode*, 892 F.2d at 1190). Courts have found computer-generated time sheets, which include the date and summaries of time spent by an attorney, are sufficiently specific to meet the standards of Rode. *Id.* (*citing Keenan*, 983 F.2d at 473).

In support of the petition for attorneys' fees, plaintiff has submitted itemized statements detailing the dates, nature and specific description of the work, and the time spent by Mr. Weiss and others at Timoney Knox. *See* Exhibit I, attachments "A," "B," "D," and "E." A review of the time and billing records demonstrates that the services performed by counsel on behalf of plaintiff have been very specifically set forth and that they were useful and of the type ordinarily necessary to secure a final judgment in this difficult, hotly contested case, which involved numerous complex issues, where several challenging defenses were raised, disqualification of counsel was attempted and, ultimately, rejected, where dispositive motions were filed, and where the case resulted in a jury trial spanning 11 days, with eight days of trial.

In addition, post-trial motions and memos of law had to be researched and prepared in order to assure proper final compensation to plaintiff and payment of his fees/costs herein. Plaintiff's attorneys do not seek any fees for time expended by secretarial or paralegal staff. Moreover, the time expended resulted in Mr. Argue prevailing on his claim(s) of age discrimination.[4] The time spent prior to and during trial was/is reasonable under the circumstances. Mr. Weiss was assisted only by a law clerk in 2007-08 and during trial and, despite plans for her to attend each day of trial to assist him in court, and after court, Mr. Weiss had to handle everything by himself when the law clerk (Ms. Starita) became ill and could only assist at times with certain research and document preparation in the office (Weiss' Declaration, para. 19). The time spent on post-trial matters, including on this fee/cost petition, was/is reasonable and necessary as well.

Therefore, the time spent overall was necessary given the importance of the litigation and the work required to prove Argue's case, to respond to the vigorous and aggressive defense of this case and the several liability and damages defenses raised, and to win the credibility battle, all of which made handling of this case on behalf of Argue much riskier than normal.[5] See the Declarations of Mr. Fox, paras. 8-9, and Mr. Wood, paras. 9-14.

---

[4] While the original complaint in this case included claims against individual defendants and a claim for unjust enrichment, the claims against the individuals were not distinctly different claims based on different facts and theories. They involved the same core factual allegations as the claims against Davis Acura and were based on the same or closely related legal theories. *See Hensley*, 461 U.S. at 435. In addition, as set forth in Exhibit 1, para. 32, no more than nominal time, if any, was spent on the common law unjust enrichment claim, which essentially was abandoned shortly after filing the federal court complaint, and no extra time was spent on this case (beyond the time needed anyway for the case against the corporate defendant) simply because two individual defendants, David Davis and Joseph Daino, were initially named as party defendants.

[5] To recover fees and costs, plaintiff had to first succeed on liability, a challenging enough quest in itself. However, just as challenging, and adding to the risk taken, were the defenses raised and defense tactics employed in order to negate or minimize plaintiff's chance of success or the results of success. This included efforts to disqualify counsel, have the case terminated for lack of prosecution (while plaintiff was technically without counsel of record), the filing of dispositive motions, and defenses designed to render any liability success essentially meaningless due to alleged after-discovered evidence and/or various failure to mitigate claims. If Argue did not overcome all of these defenses and tactics, his counsel would have gone penniless for over seven years of hard work. Indeed, even if Argue were successful on liability, if defendant had had its way as to damages and the jury returned a verdict

Moreover, the lodestar should be maintained in this action even though the verdict was not as high as that sought. The main focus should remain on the success on liability of Argue's age discrimination claims and on the two main substantive (as opposed to monetary) damages defenses (the after-discovered evidence and mitigation defenses) in light of the vigorous defense, thereby justifying in the defense view a relatively nominal offer of judgment (*see, e.g.*, Exhibit 5, attached hereto), the difficult credibility issues, numerous risks of the litigation, and defendants' virtual certainty that its case was very strong. (see Exhibit 5). The amount of the damages awarded, therefore, is a secondary factor in view of the strongly contested liability and substantive damages issues and should not be used as a tool for reducing the lodestar. *See and compare Abrams v. Lighttolier*, 50 F.3d 1204, 1222 (3d 1895); *see also Omari v. Waste Gas Fabricating Co., Inc.*, 2005 WL851345, *3-4 (E.D. Pa. April 13, 2005).

The principle of make-whole relief provides that a victim of employment discrimination is entitled to be restored to the economic position he would have occupied but for the unlawful discrimination. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). If victims of discrimination are to be properly represented, parity with the defense bar regarding compensation is necessary. Unlike the defense attorneys, Counsel for plaintiff has received no compensation for difficult, intense efforts on behalf of plaintiff lasting over seven years.

Finally, the litigation costs incurred are entirely typical of those required in prosecuting an employment discrimination claim. These costs, all of which are itemized, include filing and service fees, document reproduction costs, deposition transcript fees, courier expenses, online

---

consistent with the defense expert's testimony of damages in the sum of only a little over $7,000, no fees would have been recoverable for time spent on the case after the Rule 68 offer of judgment from defendant for $15,000, dated January 8, 2004, and plaintiff would have been obligated to pay defendants' costs as well. Defense counsel herself noted the particular strength of the defense, and the alleged "reasonableness" of its $15,000 offer. See defense counsel's letter of January 8, 2004, attached hereto as Exhibit 5.

(computerized) research, and the like. The total costs incurred through March 17, 2008, $16,787.85, were/are the result of the considerable efforts undertaken by Counsel to achieve a difficult but successful result on behalf of Argue, and to assure proper post-trial representation and relief.

## III. CONCLUSION

For the foregoing reasons, Argue respectfully requests that this Honorable Court grant his Petition for Attorneys' Fees and Costs through March 17, 2008, in the amount of $468,969.50 for attorneys' fees and $16,787.85 for costs.

Respectfully submitted,

**TIMONEY KNOX, LLP**

s/Charles J. Weiss
Attorney I.D#15771
400 Maryland Drive, P.O. Box 7544
Fort Washington, PA 19034-7544
(215) 646-6000
Attorneys for Plaintiff

IN THE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III,<br>　　　　　Plaintiff<br>　　v.<br><br>DAVID DAVIS ENTERPRISES, INC., t/a<br>DAVIS ACURA,<br>　　　　　Defendant | CIVIL ACTION NO. 02-9521<br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Charles J. Weiss, Esquire, counsel for Robert E. Argue, III, do hereby certify that a true and correct copy of Plaintiff's Petition for Attorneys' Fees and Cost and Memorandum of Law in Support of Plaintiff's Petition, was served electronically upon and, also, forwarded to the below listed counsel by prepaid, first-class U.S. Mail dated March 18, 2008:

>Veronica W. Saltz, Esquire
>SALTZ HOLLAENDER, P.C.
>993 Old Eagle School Road
>Suite 412
>Wayne, PA 19087

>　　　　　　　　　　　　By: s/Charles J. Weiss
>　　　　　　　　　　　　Attorney for Robert E. Argue, III

235584-1