Exhibit "C" of Exhibit 1

03/07/2007 21:46 FAX 2155464698          FOX CHEIKEN          002

Community Legal Services of Philadelphia - About CLS / Attorney Fees
Case 2:05-cv-02165-EKP  Document 146-2  Filed 03/18/08  Page 2 of 30

Page 1 of 1



# COMMUNITY LEGAL SERVICES
## OF PHILADELPHIA

 **Donate Now** 

| ABOUT CLS | GET LEGAL HELP | HOW YOU CAN HELP | PRACTICE AREAS | RESOURCES | LEARN MORE | SEARCH |

A Message from Cathy Carr
The Founding of CLS
CLS Accomplishments
Community Impact
Who We Are
Jobs@CLS
National Recognition
Recent Awards
**Attorney Fees**
CLS At-A-Glance
Contact Us
Annual Report

Home > About CLS > Attorney Fees

## Attorney Fees

### *Explanatory Notice to the Public*

CLS never charges attorney's fees to its clients, although in some cases clients are asked to pay for c other out of pocket expenses.

The attached chart lists the fee schedule used by CLS only in cases in which the law allows for the aw fees from opposing parties in order to compensate CLS for the legal services provided to its clients.

RANGE OF HOURLY RATES*, Effective April 1, 2006

| | |
|---|---|
| Attorneys post-law school experience under 2 years | $150-170 |
| Attorneys 2-5 year's experience | $160-200 |
| Attorneys 6-10 year's experience | $200-230 |
| Attorneys 11-15 year's experience | $240-300 |
| Attorneys 16-20 year's experience | $275-315 |
| Attorneys 21-25 year's experience | $290-330 |
| Attorneys more than 25 year's experience | $325-410 |
| Law Students | $70-120 |
| Paralegal I and II | $70-90 |
| Senior and Supervisory Paralegal | $90-120 |

*These rates do not reflect any adjustment for contingency, and are based on Philadelphia law firm m data.

**THESE FEES ARE NOT CHARGED TO CLS CLIENTS. SEE NOTICE ABOVE.**



Print version of page : Email page to a friend

| Contact Us | Disclaimer | Jobs @ CLS | Site Map |

EQUAL AC

Exhibit "D" of Exhibit 1

# TIMONEY KNOX, LLP
### P.O. Box 7544
### 400 Maryland Drive
### Fort Washington, PA 19034-7544
### Tel (215) 646-6000
### Fax (215) 646-0379

Federal Tax I.D.   23-1339676

March 18, 2008

Mr. Robert E. Argue, III
109 Sarah's Lane
Horsham, PA 19044

Re:              09392 - 00002      Robert E. Argue, III vs. David Davis Enterprises, Inc. t/a Davis Acura

Invoice Number:   84237

---

Professional Services through    03/17/2008

| Atty | Date | Hours | Rate | Description | Amount |
|------|------|-------|------|-------------|--------|
| CJW | 03/01/2008 | 0.50 | 425.00 | Telephone conference with Julie A. Starita regarding legal research and follow-up needed; completion of memo regarding all post trial issues, motions needed, legal research needed, and follow-up needed. | 212.50 |
| CJW | 03/02/2008 | 0.10 | 425.00 | Telephone memo to Julie A. Starita regarding Legal research and follow-up needed. | 42.50 |
| JAS | 03/03/2008 | 1.00 | 185.00 | Search for documents to use in drafting post-trial motions; Begin legal research on pre-judgment interest, attorneys fees, compensation for tax consequences of award of back pay damages, and time limits on motions for foregoing. Review Moore's Federal; Practice re foregoing and read recent Tomasso case. Review Mr. Verzilli's report to determine basis for jury's award of back pay. Review last memorandum of law provided to Judge Pratter for case re benefits as part of back pay award. | 185.00 |
| CJW | 03/04/2008 | 1.40 | 425.00 | Intraoffice conferences and notes regarding post trial issues and motions needed; discussions of law and issues to be raised; preliminary review regarding preparation of attorney fee petition; Telephone conference and review with expert - Andrew Verzilli regarding post trial matters and affidavit and calculations needed; Receipt and review of notices from the court; Telephone conference with client; review of rules of civil procedure; memo regarding deadlines and follow-up needed. | 595.00 |
| JAS | 03/04/2008 | 3.10 | 185.00 | Review re taxing costs with clerk of court; Notes re items needed, further handling, what is needed from Mr. Verzilli for costs motion or bill and for | 573.50 |

motion for pre-judgment interest and for motion re negative tax consequences. Conference with Charles J. Weiss, Esquire re post-trial motions, costs, petition for atty fees. Review jury instructions, in part, and Tomasso case. Notes re further handling, issues to be addressed, and Legal research needed. Conference with Mr. Verzilli and Charles J. Weiss, Esquire re jury's verdict, post-trial affidavit needed from him showing how pre-judgment interest is calculated, and on what items of damages, and re negative tax consequences, and re bills needed from him. Review jury verdict, entry of judgment, docket entry and e-mail from Judge Pratter's law clerk rec'd today. Close review of Moore's Federal Practice, Chapter 54, re judgments and costs; notes re same. Review Federal R.C.P. re Entry of Judgment, motions, time limits.     Conference with Charles J. Weiss, Esquire re possible Motion for judgment as a matter of law for full back pay and notes re: same.

| | | | | | |
|---|---|---|---|---|---|
| CJW | 03/05/2008 | 1.70 | 425.00 | Reorganization of files for post trial proceedings and to assist in preparation of post trial motions; intra office discussions with Julie A. Starita and Josh Ganz regarding motions needed, issues, memorandums of law and Legal research needed; Telephone conference with Andrew Verzilli; Receipt and review of documents from Andrew Verzilli; Telephone calls to various attorneys regarding declarations in support of attorney fees/costs petition to be filed; telephone conference with Julie A. Starita. | 722.50 |
| JAS | 03/05/2008 | 2.30 | 185.00 | Review Moore's Federal Practice re post-trial motions to mold verdict and for judgment as a matter of law. Telephone call to Clerk of Court. Review law re recovery of costs, including expert witness fees; Review of cases; notes re same. Confer with Charles J. Weiss, Esquire re further handling of post-trial motions; Confer with Joshua S. Ganz, Esquire re legal authorities needed for petition for attorney fees. | 425.50 |
| CJW | 03/06/2008 | 1.50 | 425.00 | Telephone conferences with expert - Andrew Verzilli; Telephone conference with client; preliminary outline regarding attorney declarations in support of attorney fee/cost award; intra office conferences with Josh Ganz regarding review, analysis, and follow-up regarding memorandum of law and issues for legal research regarding petition for approval of attorney fees and costs; Telephone conferences with L. Rappaport, Bill Fox, and Marshall Grabois regarding declarations needed; intra office conference with Julie A. Starita regarding other post trial motions and memorandum needed regarding pre-judgment | 637.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | interest and negative tax consequence. | |
| JAS | 03/06/2008 | 2.00 | 185.00 | Review Moore's Federal Practice re Motion for Judgment as a Matter of Law; notes re same. Review court's jury instructions 23 and 24 and others. Look up 3rd circuit model jury instructions and review nos. 8.4.2 and 8.4.4 and comments thereon. Review Moore's Federal Practice re motions under Rule 59(e); notes re same and analysis.Conference with Charles J. Weiss, Esquire re facts of trial. | 370.00 |
| JSG | 03/06/2008 | 1.00 | 225.00 | Legal research regarding attorneys fees in ADEA/PHRA cases in preparation for drafting memorandum of law in support of petition for attorneys fees/costs. | 225.00 |
| CJW | 03/07/2008 | 2.20 | 425.00 | Further telephone conferences with various attorneys regarding affidavits/declarations in support of petition for attorney fees and costs; review of Legal research and analysis of case law governing factors in support of attorney fees - rate allowable, reasonable services, etc.; review/analysis of Maldonado v. Houstoun, Delaware Valley Citizens Council for Clean Air v. Pa., Roman v. PAC Industries, and Lanni v. N.J.; Analysis; Memo regarding the foregoing. | 935.00 |
| JAS | 03/07/2008 | 2.30 | 185.00 | Conferences with Charles J. Weiss, Esquire re facts and law for Motion to Change Verdict's lost wage amount. Legal research for the motion. Continue to draft and revise Memorandum of Law in support of motion. Cite check cases. | 425.50 |
| CJW | 03/10/2008 | 2.20 | 425.00 | Detailed review and preparation of declarations and exhibits in support of attorney fee/cost petition; further review of case law in support of attorney fee/cost petition; notes regarding preparation of pre-judgment interest and negative tax consequence motions and memo of law; notes for preparation of attorney fees/cost memo of law; note regarding case law support for recovery of online legal research as a cost item. | 935.00 |
| JAS | 03/10/2008 | 2.20 | 185.00 | Legal research on issue of compensating plaintiff for negative tax consequences of back pay award. Review Defendant's Motion in Limine re same and case law; Draft Motion to Alter/Mold Verdict to add compensation for negative tax consequences, and supporting memorandum of law. Review E. D. Pa case docket to ascertain why a 2002 trial court decision was vacated. | 407.00 |
| CJW | 03/11/2008 | 2.10 | 425.00 | Further detailed review, Legal research, case analysis, and preparation of attorney fee petition and attachments thereto and pre-judgment interest and negative tax consequence motions; Telephone conference and review with expert, Andrew Verzilli; intra office conferences and discussions with Josh Ganz, email to Julie A. Starita regarding motions, and deadlines. | 892.50 |

| | | | | | |
|---|---|---|---|---|---|
| JAS | 03/11/2008 | 0.80 | 185.00 | Continued drafting of brief in support of Motion to mold verdict to include award for negative tax consequences of back pay award. | 148.00 |
| JSG | 03/11/2008 | 2.00 | 225.00 | Draft Petition and Memorandum of Law in Support of Attorneys' Fees and Costs. Legal research regarding reasonableness standard. | 450.00 |
| CJW | 03/12/2008 | 2.10 | 425.00 | Further detailed review and preparation of attorney fee/cost petition and supporting attachments thereto; further review and preparation of motion and memorandum of law to recover the negative income tax consequence; Telephone conferences with Andy Verzilli; Telephone calls to Declarants supporting fee petition. | 892.50 |
| JAS | 03/12/2008 | 1.80 | 185.00 | Continue review/analysis and assistance in drafting brief in support of Motion to Mold Verdict to include award for negative tax consequences. Conference with Charles J. Weiss, Esquire re this motion and motion for prejudgment interest. Legal research re awards of prejudgment interest in ADEA cases; draft motion to mold verdict/amend judgement to include such interest, and brief in support thereof. Review and cite check several cases. Review and revise motion and brief; confer with Charles J. Weiss, Esquire re same. | 333.00 |
| JSG | 03/12/2008 | 1.40 | 225.00 | Legal research regarding prevailing party issue, factors, etc; Revise Memorandum of Law on attorneys fees. | 315.00 |
| CJW | 03/13/2008 | 2.40 | 425.00 | Further preparation of Timoney Knox Declaration for attorney fee petition; further discussions regarding preparation of attorney fees motion and memo of law; Telephone calls to supporting declarants; review of billing statements and costs; further review, analysis, and preparation of post-trial motions and memos of law; pre and post judgment interest and the negative income tax consequence; Telephone conferences with Andrew Verzilli regarding calculations, alternative scenarios, and affidavit needed; notes and note for follow-up; preparation of orders, certificates of service, exhibits, etc. | 1,020.00 |
| JAS | 03/13/2008 | 1.30 | 185.00 | Review and revise part of Declaration in support of attorney fees pertaining to my background. Conference with Charles J. Weiss, Esquire re motions for molding verdict/amending judgment to include awards for negative tax consequences and for prejudgment interest, and motions anticipated from Defendant. Review FRCP and local rules of court; notes re same. Review and revise latest draft of Motion to Mold Verdict to Award Negative Tax Consequences and supporting brief; notes re possible further legal research for same; cite checking. Review and revise latest draft of Motion to Mold Verdict to Award Prejudgment Interest and supporting brief; notes re possible further | 240.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | additions to same. Review several ADEA cases opining on motions for post-judgment interest. | |
| JSG | 03/13/2008 | 1.10 | 225.00 | Review Declarations in preparation of Petition for Attorneys fees. Revise Memorandum of law. Reiew recent cases on reasonableness of rates. | 247.50 |
| CJW | 03/14/2008 | 1.90 | 425.00 | Further review, preparation, finalization, filing, and service of motions and memorandums of law, and related and supporting documents, including proposed Orders, for pre-judgment interest and the negative income tax consequence; Receipt and review of affidavit and calculations from Andrew Verzilli and Telephone conferences with him regarding same; further preparation of Declaration of Charles J. Weiss, Esquire, and supporting exhibits for attorney fee/costs petition; Telephone conferences with Declarants in support of same; note regarding deadline and for follow-up on 3/17/08. | 807.50 |
| JAS | 03/14/2008 | 1.00 | 185.00 | Conference with Charles J. Weiss, Esquire re attachments to Motions for Prejudgment Interest and for Negative Tax Consequences. Read Mr. Verzilli's letter/unsworn affidavit; telephone conference with Mr. Verzilli re same; Review and revise proposed orders accompanying motions for pre-judgment interest and negative tax consequences. Review all papers to be filed with motions today. | 185.00 |
| JSG | 03/14/2008 | 1.70 | 225.00 | Revisions to Memorandum of law in support of Petition for Attorneys fees. | 382.50 |
| CJW | 03/17/2008 | 1.50 | 425.00 | Further review and preparation of attorney fees/cost petition; memorandum of law; Charles J. Weiss, Esquire Declaration, other supporting exhibits; notes regarding same; Telephone conferences supporting Declarants. | 637.50 |
| JAS | 03/17/2008 | 0.50 | 185.00 | Review and e-mail re local rule on requesting trial transcript; calendar time for same. Receive e-mail from Charles J. Weiss, Esquire re Petition for Attorneys' fees and follow up needed - emials to and from Charles J. Weiss, Esquire. Telephone message to Charles J. Weiss, Esquire re: foregoing. | 92.50 |
| JSG | 03/17/2008 | 1.50 | 225.00 | Revisions to Petition for Attorneys' fees and Memorandum of law in support thereof; addition of case law to memo and further arguments; Review Exhibits to be attached to Declarations. Legal research regarding reduction/multiplier in fee awards cases. | 337.50 |

$13,673.00

| | | | | | | |
|---|---|---|---|---|---|---|
| JSG | ..... | 8.70 | hrs at | 225.00 | /hour | 1957.50 |
| JAS | ..... | 18.30 | hrs at | 185.00 | /hour | 3385.50 |
| CJW | ..... | 19.60 | hrs at | 425.00 | /hour | 8330.00 |
| | | 46.60 | | | | 13673.00 |

09392     Argue, Robert E. III                          Invoice#  84237        Page  6

Expenses through    03/17/2008

| Date | Description | Amount |
|------|-------------|--------|
| 03/17/2008 | Vendor VERZILLI & VERZILLI; PROFESSIONAL SERVICES - Expert consultation, trial preparation, and appearance to testify at Trial. | 1,500.00 |
| 03/17/2008 | Vendor VERZILLI & VERZILLI; PROFESSIONAL SERVICES - Analysis of Pre-Judgment Interest and Negative Tax Preparation of Affidavit | 750.00 |
| | | $2,250.00 |

Billing Summary

| | |
|---|---|
| Total professional services | $13,673.00 |
| Total expenses incurred | $2,250.00 |
| Total of new charges for this invoice | $15,923.00 |
| Plus net balance forward | $451,918.35 |
| Total balance now due | $467,841.35 |

Exhibit "E" of Exhibit 1

# TIMONEY KNOX, LLP

**P.O. Box 7544**
**400 Maryland Drive**
**Fort Washington, PA 19034-7544**
**Tel (215) 646-6000**
**Fax (215) 646-0379**

Federal Tax I.D.  23-1339676

March 18, 2008

Mr. Robert E. Argue, III
109 Sarah's Lane
Horsham, PA 19044

Re:        09392 - 00002        Robert E. Argue, III vs. David Davis Enterprises, Inc. t/a Davis Acura

Invoice Number:  84236

---

Professional Services through   03/17/2008

| Atty | Date | Hours | Rate | Description | Amount |
|------|------|-------|------|-------------|--------|
| CJW | 03/06/2008 | 1.00 | 425.00 | Analysis, notes, and Telephone conferences and intra office conference with Julie A. Starita regarding motion needed to require amendment of judgment to increase back pay award to full award; memorandum regarding issues, analysis, and follow-up needed. | 425.00 |
| JAS | 03/06/2008 | 1.20 | 185.00 | Begin drafting Motion to Alter Verdict for Lost Wages, and Memorandum of Law in Support thereof, under Rule 59(e). Send memo re documents needed for exhibits to Motion. | 222.00 |
| CJW | 03/07/2008 | 0.50 | 425.00 | Further analysis and intra office telephone conferences regarding motion under Rule 59(e) to amend judgment for full back pay award. | 212.50 |
| JAS | 03/10/2008 | 0.20 | 185.00 | Notes re law and facts to support motion to change verdict on lost wages; notes re same. | 37.00 |
| CJW | 03/11/2008 | 3.30 | 425.00 | Further Legal research, review, and preparation (several drafts/re-drafts of motion and memorandum of law under Rule 59(e) to amend the judgment to reflect a full award for proven back pay (lost wages); notes and memo for follow-up. | 1,402.50 |
| CJW | 03/12/2008 | 2.50 | 425.00 | Further detailed review and preparation of motion and memorandum of law in support of amending the judgment to allow for full award for lost back wages as back pay. | 1,062.50 |
| CJW | 03/13/2008 | 3.80 | 425.00 | Further review, legal research, analysis of case law and arguments and preparation of motion and memorandum of law to amend judgment to increase back pay award several (re-drafts); intraoffice conference and review regarding same; notes regarding strategy and key issues and | 1,615.00 |

09392        Argue, Robert E. III                        Invoice#  84236        Page  2

| | | | | | |
|---|---|---|---|---|---|
| JAS | 03/13/2008 | 2.00 | 185.00 | arguments - legally and factually.<br>Review and revise latest draft of motion to mold verdict to increase lost wages award and brief in support of same. Conference with Charles J. Weiss, Esquire re foregoing, exhibits thereto, revisions and additional points to make. | 370.00 |
| CJW | 03/14/2008 | 2.70 | 425.00 | Further review, analysis, redrafting, and finalization, filing, and service of motion and memorandum of law to amend judgment for full award of back pay, with proposed Order and supporting exhibits; notes regarding same and for follow-up; Telephone conference and review with Julie A. Starita. | 1,147.50 |
| JAS | 03/14/2008 | 0.70 | 185.00 | Draft proposed Order to accompany Motion to Alter Verdict, etc. to increase award of lost wages. Confer with Charles J. Weiss, Esquire and with Linda re further revisions to Memorandum of Law supporting motion to increase lost wages award. | 129.50 |
| CJW | 03/17/2008 | 1.10 | 425.00 | Modifications/corrections to memorandum of law in support of post trial motion to increase back pay award to full amount; Telephone call to court regarding correcting memo; email from the court; preparation regarding filing and serving corrected memo and certificate of service on 3/18/08 and draft of Correspondence with Judge Pratter and opposing counsel regarding same. | 467.50 |

$7,091.00

| | | | | | | |
|---|---|---|---|---|---|---|
| JAS | ..... | 4.10 | hrs at | 185.00 | /hour | 758.50 |
| CJW | ..... | 14.90 | hrs at | 425.00 | /hour | 6332.50 |
| | | 19.00 | | | | 7091.00 |

Billing Summary

| | |
|---|---|
| Total professional services | $7,091.00 |
| Total of new charges for this invoice | $7,091.00 |
| Plus net balance forward | $467,841.35 |
| Total balance now due | $474,932.35 |

Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT E. ARGUE, III,
           Plaintiff          :     CIVIL ACTION NO. 02-9521
                                 :     JURY TRIAL DEMANDED

       v.                 :

DAVID DAVIS ENTERPRISES, INC., t/a  :
DAVIS ACURA,
           Defendant      :

## DECLARATION OF GEORGE P. WOOD

I, George P. Wood, declare under penalty of perjury as follows:

1.    I am George P. Wood, an attorney licensed to practice in Pennsylvania, and admitted to practice since 1974. I have practiced as a trial and appellate lawyer in:

      The United States Supreme Court
      The United States Court of Appeals for the Third Judicial Circuit
      This Honorable Court
      All of the courts of Pennsylvania

2.    Currently, I am a partner in the law firm of Stewart & Wood, having offices located at 411 Cherry Street, Norristown, Pennsylvania, 19401.

3.    I am an experienced trial lawyer, having spent the last 32-33 years dedicated exclusively to employment litigation on behalf of plaintiffs and defendants. In the course of my practice, I have litigated over 350 civil rights, wrongful discharge, discrimination, and related employment cases, and have litigated over 100 cases in both the state and federal courts.

4.    I have known Charles J. Weiss, Esquire, since 1984. I know that he is a most able and experienced litigator, and I state without reservation that he has a well-deserved reputation among his peers for highly skilled and tenacious legal representation of his clients in and out of the courtroom.

5.     I am very familiar with the hourly rates generally charged in the local legal community, including Philadelphia, as well as the rates sought by Mr. Weiss' firm in this case. I state without hesitation that it is reasonable for a partner in a law firm having over 34 years of trial experience to charge at least Four Hundred Twenty-Five Dollars ($425.00) per hour, for a senior associate's time to be billed at $250 per hour, for a junior associate's time to be billed at $200 per hour, and for a senior law clerk trained in the law and doing, in effect, a senior associate's work, but not possessing a current license to practice law, to be billed at $185 per hour. I am also aware that, usually, an imbalance exists in that defense counsel frequently can and do charge a higher amount per hour for their services on behalf of private clients, particularly in cases such as the present one, and that they are usually paid on a monthly or quarterly basis.

6.     I have discussed the facts and history of this case with Mr. Weiss and have examined some of the filings, the dockets, his firm's time and cost records, and the amount of time expended through the various phases of this litigation. Based on my experience in these cases, I find that Mr. Weiss' firm was reasonably efficient and that the time expended was reasonable under the circumstances.  This case presented many complex legal, factual, and evidentiary issues, with numerous witnesses and potential witnesses.   There were also disqualification proceedings, which delayed the matter, but on which Mr. Weiss and his firm ultimately prevailed.  Dispositive motions were also filed by defendants and plaintiff prevailed on the primary age discrimination claim(s).  There were substantial pre-trial filings and other matters that had to be dealt with, and the trial itself, requiring long days and nights of work, extended from February 19, 2008 to February 29, 2008.  In such a case, at least two attorneys plus paralegals are typically needed.  In these situations, especially in a case that, from start to

finish, lasted over seven years and was contested at every turn, it is not unusual or unexpected for total time expended to fall in the range of 1,500-2,000 hours or more.

7.    Based on my experience and a review of this case with counsel, and given the time expended, it was obviously a very difficult case to handle, with numerous complex issues and many case difficulties.

8.    It is my opinion, therefore, that, given plaintiffs' burden of proof, the need to win the credibility battle, the factual and legal issues that were presented or raised, the complexity of many of these issues, the actions and strategy of defendants requiring response by plaintiffs' counsel, the defenses raised to liability and damages, the large number of legal issues and documents and witnesses in the case, and an 8-9 day jury trial, the time expended by plaintiffs' counsels' firm was reasonable, appropriate, and necessary.

9.    As is common practice among lawyers asked to take on this kind of litigation on behalf of plaintiffs, where the case presents difficult factual and legal issues, and where the outcome is by no means certain, it was standard practice and appropriate, although very risky, for Mr. Weiss' firm to take this case on a contingency fee basis. In contingency cases, it is frequently very difficult to find experienced, competent lawyers who:

> (a)    will take a case such as this on a contingency fee, particularly where liability is far from clear at the outset; and

> (b)    will take a case such as this on a contingency fee where it is apparent in advance and during the case that the case will be vigorously defended by defense counsel who is likely to take detailed discovery as well as all other steps necessary to either discourage the plaintiff and his/her counsel from continuing to vigorously press the legal action and/or to defeat or limit the legal action.

10.    Since this case did, and these cases typically do, involve a great deal of work and risk, and, even if successful, long delay in compensation of plaintiffs' counsel (my understanding

is that the first meetings in this case between counsel and plaintiff occurred sometime in early January 2001, and that, after administrative proceedings were exhausted, the Complaint was filed on December 31, 2002), it was/is certainly not worth taking the risk of a defense verdict, or a small or nominal plaintiff's verdict, unless compensation in excess of plaintiffs' attorneys' billing rate(s) is allowed. This is necessary to assure the continued representation of plaintiff employees who, as is common, cannot even come close to affording adequate legal representation if normal hourly rates have to be paid.

11.     Give the particular circumstances of this case, including not just the strongly contested liability issue, but, also, the strongly contested damages issues, and given defendants' offer of judgment for only $15,000. This case was riskier than most as Mr. Weiss' firm took a real risk of no or little compensation for years of hard work. If the risk factor of taking this case on a contingency were factored into an appropriate market hourly rate, it is my considered belief and opinion that a reasonable hourly rate for Mr. Weiss for this particular case was/is at least $475 per hour, and that the market rate for all other persons in his firm working on the case would be at least twenty-five-fifty dollars higher than their normal billing rates. In short, if qualified contingency lawyers were able to bill at an hourly rate for their firms' services in this type of case, their market hourly rate would justifiably have to be $25-$50 higher than otherwise to account for the risk factor.

12.     It is also my experience and opinion that it is no small matter that plaintiffs' legal rights have in fact been vindicated, especially since the case was strongly contested by the defense and the risks to plaintiff from a substantive legal standpoint, damages recovery standpoint, and fee award standpoint were great. In this regard, it is especially important to point out that plaintiff not only won on liability, but overcame defendants' after-discovered evidence and failure to mitigate defenses, which, if not defeated, could have resulted in a very low, indeed

even nominal, verdict (the defense expert's opinion was about $7,000 of total wage loss). If this had occurred, plaintiff and his counsel would be entitled to no fees for all the effort expended after defendants offer of judgment.

13.     If we are to continue to attract experienced, competent attorneys to represent people, particularly in employment-related cases, then they should be fully compensated so as to encourage those attorneys who represent plaintiffs to handle difficult, time-consuming, lengthy and complex cases such as this, and so as to permit them to maintain equal footing with defense counsel on the legal playing field.

14.     Under the circumstances, therefore, I believe in my best expert judgment that the hourly rates of the attorneys and others in Mr. Weiss' firm were and are fair and reasonable, and were/are within the range of rates charged in similar cases by persons of similar skill and experience in Philadelphia and its surrounding counties.  It is my expert judgment that the risk factors in this case would justify, on an hourly basis, a market rate of at least $25-$50 more per hour than those charged and sought herein for the services of Mr. Weiss and others in his firm.  I also believe that the total hours expended over a seven-year period by the attorneys and others in Mr. Weiss' firm were reasonable and appropriate under the circumstances of this very hotly contested case.

I hereby verify that the statements made above are true and correct to the best of my knowledge, information and belief and that these statements are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Dated:  ___3-17___, 2008         _____
                                 GEORGE D. WOOD

Exhibit 3

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III,<br>　　　　　　　Plaintiff | CIVIL ACTION NO. 02-9521<br>JURY TRIAL DEMANDED |
| v. | |
| DAVID DAVIS ENTERPRISES, INC., t/a<br>DAVIS ACURA,<br>　　　　　　　Defendant | |

## DECLARATION OF WILLIAM J. FOX

I, William J. Fox, declare under penalty of perjury as follows:

1.　　　I am an attorney licensed to practice in Pennsylvania and New Jersey, and was admitted to practice in 1993. I have practiced as a trial and appellate lawyer in the United States Court of Appeals for the Third Judicial Circuit; the United States District Court for the Eastern District of Pennsylvania; the United States District Court for the District of New Jersey; and various state courts in New Jersey and Pennsylvania.

2.　　　Currently, I am the sole shareholder in the Law Offices of William J. Fox, P.C., having offices located at 1417 Locust Street, Philadelphia, Pennsylvania, 19102, and 10 Grove Street, Haddonfield, New Jersey, 08033.

3.　　　I am an experienced trial lawyer, having focused most of my professional career on the areas of civil rights, employment and personal injury litigation. Since 1996, the majority of my practice has focused on handling litigation matters in the areas of civil rights, with an emphasis in the field of employment discrimination. I have tried more than 100 arbitrations, bench trials, and jury trials to conclusion.

4.　　　I have known Charles J. Weiss, Esquire, and his law firm for more than ten years. I know that he is a very experienced litigator who typically takes on difficult and risky contingent fee cases for individuals who otherwise would find it hard to obtain quality representation to protect and enforce their legal rights.

5.　　　The Community Legal Services Attorney Fees Schedule, attached hereto,

sets forth, accurately in my opinion, that an attorney of Mr. Weiss' abilities and

experience should bill a reasonable hourly rate of $410 per hour or more.

6.      I am also familiar with the hourly rates generally charged in the local legal

community, including Philadelphia, and the rates sought by Mr. Weiss' firm in this case.

It is my opinion that it is reasonable for a partner in a law firm having over 34 years of

trial experience, such as Mr. Weiss, to charge at least Four Hundred Twenty-Five Dollars

($425.00) per hour, for a senior associate's time to be billed at $250 per hour, for a junior

associate's time to be billed at $200 per hour, and for a senior law clerk, with over twenty

years experience as a lawyer in another state, in effect doing a senior associate's work,

but not possessing a current license to practice law, to be billed at $185 per hour.

7.      While I have not reviewed the files or filings in this case, nor Mr. Weiss'

firm's specific time entries, I have reviewed the dockets, discussed the facts and history

of this case in detail with Mr. Weiss, and have become aware of the total time and costs

expended. Based on this, given my experience in these cases, I find that the total time

expended by Mr. Weiss and others in his firm was reasonable under the circumstances.

In such situations, especially in a case that, from start to finish, took over seven years to

complete trial, it is not unusual or unexpected for total time expended to fall in the range

of 1,000-1,500 hours or more.

8.      Based on my experience and what I know about this case and given the

time expended, it was a very difficult and risky case. Liability was vigorously contested

right up to the jury's verdict on February 29, 2008. In addition, the case was strongly

contested on damages, as evidenced by defendants' offer of judgment on July 2, 2001 for

only $15,000, the existence of an after-discovered evidence defense, various mitigation of

damages defenses, and defendants' late and low settlement offers ($60,000, then $75,000 just before trial).

These factors demonstrate how risky this case was from a liability and damages standpoint. In my opinion, there was a very substantial risk of losing the case on liability or, even if plaintiff succeeded on liability, receiving either a nominal or very low damage award. If that had occurred, there would be no or very little compensation to Mr. Weiss' firm for the extensive effort made on behalf of plaintiff. For example, if, despite Mr. Weiss' firm's best efforts, the jury had found that the plaintiff was entitled to less than $15,000 (the defense expert opined that the loss, if any, amounted to a little over $7,000), or that the after-discovered evidence defense was true, or that plaintiff did not make reasonable efforts to mitigate his damages, the verdict would not and could not have been high enough to permit an award of attorney's fees for any of the substantial time expended after defendants' offer of judgment.

9.      Therefore, if the risk of taking this case on a contingency were factored into an appropriate market hourly rate, it is my opinion that a reasonable hourly rate for the services of Mr. Weiss is greater than the Community Legal Services rate of $410 per hour, and greater than the $425 sought by Mr. Weiss, and that the reasonable and appropriate market rate for all other persons working on the case in Mr. Weiss' firm would be higher than their normal hourly billing rates, which I consider to be reasonable.

10.     Under the circumstances, therefore, I believe in my best expert judgment that the hourly rates of the attorneys and other persons in Mr. Weiss' firm were and are fair and reasonable, and were/are well within the range of rates charged in similar cases by persons of similar skill and experience in Philadelphia and its surrounding counties.

These rates are, in my opinion, low when the risks of this case are factored into a market analysis of how these risks would, if considered, affect hourly rates. I also believe that the total hours expended over a seven-year period by the attorneys and others in Mr. Weiss' firm were/are consistent with the total time typically required in a strongly contested discrimination case that took over seven years to get to trial.

I hereby verify that the statements made above are true and correct to the best of my knowledge, information and belief and that these statements are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

WILLIAM J. FOX, ESQUIRE

Dated: March 17, 2008

Exhibit 4

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III,<br><br>　　　　　　　Plaintiff<br><br>　　　　v.<br><br>DAVID DAVIS ENTERPRISES, INC.,<br>t/a DAVIS ACURA,<br>　　　　　　　Defendant | :<br>:<br>:　　CIVIL ACTION NO. 03-9521<br>:　　JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

## DECLARATION OF LARRY J. RAPPOPORT

I, Larry J. Rappoport, declare under penalty of perjury as follows:

1.  I am Larry J. Rappoport, an attorney licensed to practice in Pennsylvania, and admitted to practice since 1977. I have practiced as a trial and appellate lawyer in:

> The United States Court of Appeals for the Third Judicial Circuit
> This Honorable Court
> All of the courts of Pennsylvania

2.  Currently, I am a partner in the law firm of Stevens & Lee, with offices located at 620 Freedom Business Center, Suite 200, King of Prussia, Pennsylvania 19406.

3.  I am an experienced trial lawyer, having spent the last 30 years dedicated almost exclusively to employment and/or employment-related litigation on behalf of defendants. In the course of my practice, I have handled the defense of well over 125 civil rights, wrongful discharge, discrimination and related employment cases, and have tried over 15 cases in both state and federal courts.

4.  I have known Charles J. Weiss, Esquire, and others at his firm for about 5 years, having been involved in defending a class action litigation brought by him on behalf of several clients of his. I am of the opinion that he is a very qualified and experienced litigator with a good reputation in the legal community.

SL1 801814v1/000000.00000

5. I am familiar with the hourly rates generally charged in the local legal community, including Philadelphia, and I have been made aware of the fees sought by Mr. Weiss for himself and others in his firm in this case based on these rates. Given that Mr. Weiss is a long-standing partner in an established law firm, with 34 years of trial experience, a market rate or Mr. Weiss of Four Hundred Twenty-Five Dollars ($425.00) per hour would be, in my opinion and based on his experience, very reasonable and acceptable and is certainly consistent to what other attorneys of similar stature and experience charge or would charge on an hourly basis including those of my firm; also, the rates sought for the services of senior and junior associates, law clerks, and others are reasonable and acceptable as well and comparable to what charges are acceptable in the local market.

6. I have not been asked to review Mr. Weiss' firm's specific time and billing records on this case. I am, however, aware through my conversations with Mr. Weiss of the complexities of this case and how difficult and risky it was to handle on the plaintiff's end, especially since loss of the case on liability, or defendants' success in its attempt to prevent or limit damages, would have left Mr. Weiss' firm without compensation for several years of effort on behalf of plaintiff. I also know how difficult and time-consuming these cases are to handle, having defended numerous discrimination, including age discrimination, cases over the years.

7. Based on my experience in these cases, the use of two attorneys, and paralegals, is not atypical, particular on the defense side.

8. Based on my experience in defending these cases, the expenditure of over 1,500 hours is not unusual where there are many issues in the case, the case lasts more than 4-5 years, and the case is not settled and goes to trial ending in a jury verdict.

2

9. Under the circumstances, therefore, it is in my opinion based on my experience over many years of defending these type of cases that the hourly rates of the attorneys and others in Mr. Weiss' firm were and are fair and reasonable, and were/are within the range of rates charged in similar cases by persons of similar skill and experience in Philadelphia and its surrounding counties. I also believe that, from a total time expended standpoint, the total hours expended over a seven-year period by the attorneys and others in Mr. Weiss' firm were/are not unreasonable or unusual.

Dated: March 11, 2008

LARRY J. RAPPOPORT

Exhibit 5

# SALTZ HOLLAENDER P.C.

ATTORNEYS AT LAW / PROCTORS IN ADMIRALTY

993 OLD EAGLE SCHOOL ROAD
SUITE 412
WAYNE, PA  19087
PHONE : (610) 964-3333
FAX: (610) 964-3334
E-MAIL: gm@shpclawfirm.com
WEBSITE: www.shpclawfirm.com

Philadelphia, PA • Cherry Hill, NJ
Affiliated Office:  Wilmington, DE

January 8, 2004

**VIA FEDERAL EXPRESS OVERNIGHT**

Charles J. Weiss, Esquire
Timoney, Knox, Hasson & Weand, L.L.P.
P.O. Box 7544
400 Maryland Drive
Fort Washington, PA 19034-7544

> **Re:   Robert E. Argue, III v. David Davis Enterprises, Inc. et al.**
> **U.S. District Court, Eastern District of Pennsylvania,**
> **Civil Action No.:  02-9521**

Dear Mr. Weiss:

I enclose Defendants' Responses to Plaintiff's initial set of discovery, including documents.  Several of the documents requested are of a highly confidential and proprietary nature.  Therefore, I have enclosed a confidentiality agreement for your signature.  We will make these records available for review at our offices, after you execute and return the enclosed confidentiality agreement.

I also enclose Defendants' Offer of Judgment in the amount of $15,000.  In light of the failed attempt to mediate this matter, it is evident that we have very different ideas of the value of your client's case.  Defendants have made an exceptionally reasonable offer to settle this matter for $15,000.00.  To emphasize the strength of our position, and the reasonableness of our offer, enclosed please find Defendant's Offer of Judgment to Plaintiffs pursuant to Fed.R.Civ.P. Rule 68.

Please call me as soon as possible to schedule your client's deposition.  If I do not hear from you on or before January 16, 2004, I will schedule Mr. Argue's deposition on a date of my choosing.  Finally, please provide dates of your availability to conduct the depositions of the Davis Acura witnesses.

Very truly yours,

Garen Meguerian

GM/aml
Enclosures