IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT E. ARGUE, III,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| v. | : | NO. 02-CV-9521 |
| | : | |
| **DAVID DAVIS ENTERPRISES, INC. t/a** | : | |
| **DAVIS ACURA** | : | |
| **Defendant.** | : | |
| | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
POST-TRIAL MOTION TO ALTER OR AMEND THE VERDICT SO AS TO
INCREASE THE LOST WAGES COMPONENT OF THE BACK PAY AWARD**

Defendant David Davis Enterprises, Inc. t/a Davis Acura ("Davis Acura") respectfully submits its Response in opposition to plaintiff's post-trial Motion to alter or amend the jury's verdict to increase the lost wages component of the back pay award (Docs. 134 and 137). The full amount of the jury's verdict in favor of plaintiff was $127,500, which included $107,000 in lost wages, $18,000 in car-related expenses[1] and $2,500 in health insurance premiums. (Doc. 124). Plaintiff now seeks to increase the amount of lost wages to the full amount required by law and/or as established by the properly admitted evidence at trial. Aside from his own speculative arguments, plaintiff has not set forth any persuasive legal authority in his Motion which would support his arguments to amend or alter the jury verdict. Further, the evidence at trial was entirely sufficient for the jury to award plaintiff $107,000 in lost wages, including Table 4 prepared by plaintiff's own expert, which estimates plaintiff's lost wages to be $100,431. Accordingly, plaintiff's post-trial Motion to increase the jury's award of lost wages should be denied.

---

[1] The $18,000 in car related expenses was an incorrect amount based upon the trial testimony and is the subject of a Motion to Alter or Amend the verdict filed by defendant Davis Acura.

1

**I.     LEGAL ARGUMENT**

Plaintiff has filed a Motion to amend the jury's verdict with regard to plaintiff's lost wages, arguing that the jury made an error of law when it only awarded plaintiff "a portion" of his lost wages.  Plaintiff's entire argument to amend the verdict is premised on the fact that the jury allegedly "limited" plaintiff's back pay award for lost wages.  This argument must fail as plaintiff cites to no specific evidence which would indicate that the jury actually placed any type of limitation upon plaintiff's back pay award.  Such an argument is speculative as there is simply no way to ascertain with certainty why the jury awarded plaintiff the amount of $107,000 in lost wages or how the jury reached that number.  Plaintiff attempts to opine or predict why or how the jury determined the lost wage award and then recasts his predictions as arguments as to why the verdict should be amended.  Such arguments set forth by plaintiff in his Motion are unsupported by any factual or legal authority and the Court should not increase the lost wage component of the jury's back pay based upon such unsupported speculation.

Plaintiff first argues in his Motion that the jury's verdict was a clear error because the only evidence of record calculating plaintiff's back pay loss was Table 1 from plaintiff's economic expert report, which table estimated plaintiff's back pay to be $256,410.  However, in making this argument plaintiff completely ignores the evidence of record found in Table 4 of plaintiff's expert report, which table estimated plaintiff's back pay loss by comparing his salary at Ardmore Acura, the job he obtained subsequent to his termination from Davis Acura and was then terminated from, and carrying it out to the present time.  Under that scenario, Table 4 estimated plaintiff's back pay loss to be $100,431, which is only $7,000 less than the jury awarded plaintiff.  It is entirely possible

that the jury may have considered Mr. Verzilli's Table 4 back pay estimate in reaching plaintiff's back pay award.  However, plaintiff fails to even consider this possibility or discuss this evidence, instead arguing that the jury verdict was a clear error because the **only** evidence of record concerning plaintiff's back pay loss was Table 1.

In order to support his Motion to amend and increase the jury's verdict, plaintiff ignores the conflicting expert reports in evidence and instead concocts his own version of how the jury apparently arrived at $107,000 in lost wages, arguing that this number was reached because the jury provided plaintiff back pay for only the first three years after his discharge from Davis Acura.  Plaintiff claims this argument is supported by the testimony of Dr. Staller, defendant's economic expert, who opined that based upon plaintiff's job tenure history, plaintiff was likely to have only been employed at Davis Acura for a limited time.  Admittedly, this opinion was part of Dr. Staller's testimony.  However, the jury was entirely free to consider Dr. Staller's testimony, as the Court ultimately made the decision to admit the testimony of Dr. Staller over the objection of plaintiff and the Court then provided the jury with sufficient limiting instructions as to the use of expert testimony.   The jury was free to weigh the expert testimony of both Mr. Verzilli and Dr. Staller in any way they saw fit in reaching the verdict and there is simply no way of knowing the extent to which Dr. Staller's or Mr. Verzilli's expert testimony influenced the jury.

Perhaps most importantly, plaintiff fails to cite to any valid legal authority to support his arguments that the jury's verdict in favor of plaintiff was a clear legal error and must be amended.  Plaintiff first argues that a **full award** of back pay is mandatory and necessary under ADEA.  Plaintiff relies on the *Maxfield* case several times in his

3

Motion to support this proposition, but the *Maxfield* case holds only that back pay is a mandatory element of damages under the ADEA, but does not hold that a "full damage award" is mandatory, as plaintiff argues. *Maxfield v. Sinclair International*, 766 F.2d 788, 794 (3d Cir. 1985).  Further, the jury did award plaintiff back pay and, as discussed above, there is no basis upon which to argue that the jury did not provide plaintiff a full award of back pay. Interestingly, plaintiff fails to cite to even one case in this district or anywhere else where a Court has amended and increased a jury's award of back pay for a plaintiff based upon the premise that the jury had awarded a plaintiff only a limited amount of lost wages.

     Simply put, plaintiff has offered nothing other than his own arguments, speculations and ideas as to why the jury may have awarded plaintiff the amount that it did.  However, as the finders of fact, the jury was charged with weighing the evidence, testimony and credibility of witnesses, including the expert witnesses, in reaching its verdict.  No one other than the eight jurors present in the deliberation room have knowledge of why the jury reached the verdict that it did or what testimony or evidence the jury found credible.  The jury found in favor of plaintiff and awarded him monetary damages in the form of back pay.  Simply because plaintiff was not happy with the jury's award of lost wages does not provide sufficient justification for the Court to amend the jury's award.  Plaintiff's request that this Court to amend the verdict to almost double the award of back pay damages must fail.  Plaintiff has presented no evidence or legal authority that the jury's verdict was a clear legal error or would result in manifest injustice, particularly where plaintiff himself presented evidence of lost wages in the amount of $100,431.

WHEREFORE, defendant David Davis Enterprises, Inc. t/a Davis Acura hereby respectfully requests that the Court deny plaintiff's post-trial Motion to alter or amend the jury's verdict so as to increase the lost wages component of the back pay award.

                                        Respectfully submitted,

                                        __s/Veronica W. Saltz_____
                                        Veronica W. Saltz, Esquire
                                        Alyssa N. Pianelli, Esquire
                                        Attorney I.D. Nos.:  52931/200556
                                        SALTZ POLISHER P.C.
                                        993 Old Eagle School Road, Ste. 412
                                        Wayne, PA  19087
                                        (610) 964-3333

                                        Attorneys for Defendant
                                        David Davis Enterprises, Inc. t/a
                                        Davis Acura

Dated:  March 31, 2008

## **CERTIFICATE OF SERVICE**

I, Veronica W. Saltz, Esquire hereby certify that I caused a copy of Defendant David Davis Enterprises, Inc. t/a Davis Acura's Response in Opposition to plaintiff's Post-Trial Motion to Alter or Amend the Verdict So As to Increase The Lost Wages Component of the Back Pay Award to be served this 31st day of March, 2008, by electronic filing, addressed as follows:

>Charles J. Weiss, Esquire
>Timoney Knox, L.L.P.
>P.O. Box 7544
>400 Maryland Drive
>Fort Washington, PA  19034-7544


>    s/Veronica W. Saltz
>Veronica W. Saltz, Esquire