IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III, <br> Plaintiff, <br> v. <br> DAVID DAVIS ENTERPRISES, INC. <br> t/a DAVIS ACURA, <br> Defendant. | CIVIL ACTION <br><br><br><br><br> No.: 02-9521 |

FILED
MAR – 4 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## VERDICT FORM

1. Do you, the jury, unanimously find that plaintiff Robert E. Argue, III proved by a preponderance of the evidence that his age was a determinative factor in defendant Davis Acura's decision to terminate his employment?

    Yes   __X__

    No    _____

*If your answer to Question No. 1 is "Yes," proceed to Question No. 2 and answer all of the remaining questions. If your answer is "No," do not answer any further questions and, after the foreperson signs and dates the last page of this form, advise the Court Deputy that the jury has reached a unanimous verdict.*

2. Do you, the jury, unanimously find that defendant Davis Acura proved by a preponderance of the evidence that plaintiff Robert E. Argue, III was responsible for fraudulent manipulation of Service Customer Surveys during his employment at Davis Acura and that defendant Davis Acura would have terminated plaintiff Robert E. Argue, III on those grounds alone if it had discovered this misconduct?

    Yes   _____

    No    __X__

*Proceed to Question No. 3*

1

EXHIBIT "A"

3. Do you, the jury, unanimously find that defendant Davis Acura proved by a preponderance of the evidence that plaintiff Robert E. Argue, III failed to make reasonable efforts to mitigate his damages?

Yes _____

No  __X__

*Proceed to Question No. 4.*

4. Subject to the specific directions immediately following this sentence, state the amount of back pay, if any, and the amount of front pay damages, if any, that you, the jury, unanimously find plaintiff Robert E. Argue, III has proved by a preponderance of the evidence that he has suffered as a result of his termination.

If your answer to Question No. 2 above was "Yes," then (i) you must limit any award of back pay damages from January 2, 2001 (the date of plaintiff Robert E. Argue, III's termination) to June 20, 2001 (the date defendant Davis Acura asserts it discovered the misconduct) and (ii) you must not award damages for front pay.

If your answer to Question No. 3 above was "Yes," then you must reduce plaintiff Robert E. Argue, III's back pay damages by the amount of wages that Mr. Argue reasonably would have earned but for his failure to make reasonable efforts to mitigate his damages.

A. Back Pay
   - Lost Wages              $ 107,022.00

   - Car-related expenses    $ 18,840.00

   - Health Insurance premiums $ 9,500.00

B. Front Pay
   - Lost Wages              $ 0

*Proceed to Question No. 5.*

2

5. Do you, the jury, unanimously find that plaintiff Robert E. Argue, III proved by a preponderance of the evidence that defendant Davis Acura's conduct in terminating his employment was a willful violation of the Age Discrimination in Employment Act?

Yes _____

No __X__

*Proceed to Question No. 6.*

6. State the amount of compensatory damages, if any, that you, the jury, unanimously find plaintiff Robert E. Argue, III has proved by a preponderance of the evidence that he has suffered as a result of his termination (for example, out-of-pocket medical expenses, and pain, suffering and emotional distress).

Compensatory Damages
- Out-of-Pocket Medical Expenses    $ 0
- Pain, Suffering and Emotional Distress    $ 0

Advise the Court Deputy that the jury has reached a unanimous verdict.

_____
JURY FOREPERSON


2/27/08
DATE

3