UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III,<br>　　　　　　Plaintiff<br><br>v.<br><br>DAVID DAVIS ENTERPRISES, INC., t/a<br>DAVIS ACURA,<br>　　　　　　Defendant | :　CIVIL ACTION NO. 02-9521<br>:　JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

SECOND SUPPLEMENTAL DECLARATION OF
CHARLES J. WEISS IN SUPPORT OF PLAINTIFF'S
ORIGINAL PETITION FOR ATTORNEYS' FEES AND COSTS

Pursuant to the request of the Court at Oral Argument on July 7, 2008, the following information is herewith provided in further support of Plaintiff's original Petition for Attorneys' Fees and Costs:

1.　My firm's current (2008) litigation paralegal billing rate is One Hundred Sixty Five Dollars ($165.00) per hour.

2.　I have reviewed in detail my firm's billing statement attached to the original Petition for Attorneys' Fees and Costs as Exhibit "B" of Exhibit No. 1, particularly the time entries from November 4, 2004, through October 25, 2006 (the "Disqualification Period"). Having carefully reviewed these entries, I can attest to the following:

　　(a)　Except for part of the time expended by myself on November 8, 2004, November 11, 2004, and May 31, 2006, all services rendered during the disqualification period, as reflected on my firm's billing statement for this period, was related to or caused by the disqualification of myself and my firm on November 4, 2004, as further described in Para. 3 hereof.

　　(b)　On November 8, 2004, approximately .2 of an hour was spent in reviewing the Court's Order of November 4, 2004, dealing with plaintiff's previously filed motion to compel discovery;

(c) On November 11, 2004, approximately .2 of an hour was spent by me reviewing general issues and overall status of the case with Mr. Argue; and

(d) On May 31, 2006, approximately .5 of an hour of the time I expended that date had to do with the general status of the case as opposed to any issue or matter related to the disqualification order or issue.

3. Other than the time specified in paragraph 2 (a)-(d) above, all other time expended, which is reflected in my firm's billing statement for the period November 4, 2004 through October 25, 2006, related to Defendant's Motion to Disqualify myself and my firm, the Court's Order of November 4, 2004, granting said motion, meeting and/or consulting with Mr. Argue in order to assist him in obtaining replacement counsel, researching, reviewing, and considering Mr. Argue's appeal rights as to the Disqualification Order of November 4, 2004, and options for securing an appealable Order, efforts to seek reconsideration of the Court's Disqualification Order of November 4, 2004, and/or reinstatement as counsel of record on behalf of Mr. Argue, opposing and preventing involuntary dismissal of Mr. Argue's case under Local Rule 41.1(a), complying with Court Orders to appear in Court (or in chambers), complying with Court Orders, to supply further information/documents to the Court as necessary for the Court to decide Mr. Argue's request(s) for reconsideration of the Disqualification Order and/or reinstatement of counsel and/or the Motion to Preclude Involuntary Dismissal under Local Rule 41.1(a), conferences and/or consultations with Mr. Argue related to the foregoing, legal research, review, and preparation of documents, motions, exhibits, and affidavits in support of Mr. Argue's request(s) for reconsideration of the Disqualification Order and/or reinstatement of myself and my firm as counsel of record for Mr. Argue and/or to prevent the involuntary dismissal of this case under Local Rule 41.1(a).

4. I have also carefully reviewed the Time Summary of 2001, attached to the original Petition for Attorneys' Fees and Costs as Exhibit "A" to Exhibit No. 1. Having done so, I can attest to the following:

(a) The time expended on January 11, 2001, January 12, 2001, January 29, 2001, February 5, 2001, February 13, 2001, February 14, 2001, February 16, 2001, February 23, 2001, February 28, 2001, June 25, 2001, July 2, 2001, July 9, 2001, August 20, 2001, September 25, 2001, October 10, 2001, October 22, 2001, November 5, 2001, November 20, 2001, November 21, 2001, and November 28, 2001 was by myself and no one else;

(b) The time expended on January 16, 2001, is allocated as follows: CJW .4 of an hour and ATW .2 of an hour (consisting of her brief attendance at the conference with the client that date);

(c) On February 27, 2001, ATW expended .6 of an hour and CJW .3 of an hour. ATW's time was spent reviewing the file and case law, preparing notes regarding same, and participating in telephone conferences with the client. CJW's services that date involved a brief review of various file materials in preparation for a telephone conference and review of the status, issues, and follow-up needed with the client, as well as a brief telephone conference with the client regarding witnesses and related follow-up;

(d) On June 26, 2001, ATW assisted with preparation of the administrative complaint and review of certain legal issues dealing with the plaintiff's burden of proof in an age discrimination case. ATW spent .5 of an hour that day. The remaining .7 of an hour that date was spent by CJW in reviewing various file materials, notes, and documents, conducting various analysis, modifying portions of the draft of the Pa. HRC/EEOC administrative complaint, and conducting phone conferences with the Pa. HRC and EEOC;

(e) On June 27, 2001, ATW spent .2 of an hour assisting with certain aspects of preparation of the administrative complaint. The remaining time, .8 of an hour, was spent by CJW in reviewing and analyzing this case and continued preparation of the administrative complaint;

(f) On June 28, 2001, ATW spent 1.1 hours assisting in the continued preparation of the administrative complaint and certain modifications thereto, reviewing various HRC forms, and in joining Mr. Weiss in conference and review with Mr. Argue. CJW also spent 1.1 hour that day preparing/modifying the administrative complaint and related documents required by the HRC/EEOC, meeting with the client in conference, reviewing the facts and required procedures with him, making notes, and

preparing memos regarding the status of and issues and follow-up needed in the case, as well as preparing correspondence to the client;

(g) On June 30, 2001, ATW spent .5 of an hour participating in a telephone conference with the client and in discussion with myself concerning the need for certain fact clarifications, investigation, and other follow-up, as well as certain necessary modifications to the administrative complaint. .6 of an hour was spent that day by myself in drafting correspondence to the client as well as to the Pa. HRC, arranging for the filing of the administrative complaint on July 2, 2001, and in preparing notes regarding various clarifications required as to certain issues, and as to certain investigation and follow-up needed, and in participating in telephone calls to the client to clarify certain facts;

(h) On September 17, 2001, ATW spent 1.2 hours conducting legal research and analyzing case law on the prima facie case issues, burden of proof issues, the shifting burdens of proof and/or persuasion, and causation. .7 of an hour was spent that day by myself performing the other services reflected in the time summary for this date;

(i) On September 24, 2001, ATW spent .8 of an hour reviewing the motion filed by defendants to dismiss the administrative complaint and conducting legal research under the Pennsylvania Human Relations Act and the ADEA in order to respond to the defendant's motion. CJW spent .4 of an hour on this date briefly reviewing the defendant's motion to dismiss, making telephone calls to opposing counsel and the Pa. HRC, and in preparing correspondence to opposing counsel and the Pa. HRC;

(j) All the time spent on September 26, 2001, - 1.0 hours - as reflected in the time summary for this date, was expended by ATW;

(k) On November 6, 2001, ATW spent .2 of an hour participating in phone conferences with the Human Relations Commission and Mr. Argue. CJW also spent .2 of an hour that date in participating in these phone calls, which included, inter alia, scheduling of the fact finding/mediation conference before the HRC;

(l) On November 8, 2001, ATW spent 1.6 hours performing all the services reflected on the time summary for this date, as reflected in the time summary for 2001. CJW spent .2 of an hour on this date reviewing the correspondence received from opposing counsel to the HRC and briefly discussing same with ATW;

(m) On November 16, 2001, ATW spent 1.8 hours performing all the services performed on this date, as reflected in the time entry for this date on the time summary for 2001. CJW spent .8 of an hour on this date performing all the services reflected in the time entry for this date on the time summary for 2001 (except the preparation of the response to the HRC);

    (n)    On November 19, 2001, ATW spent 1.2 hours assisting with the completion of the HRC forms, including the discharge questionnaire and witness information forms, and in briefly participating in a conference with Mr. Argue this date. 1.2 hours was also spent this date by myself in helping with the completion of the HRC forms and questionnaire, conferring and reviewing the matter with Mr. Argue, preparing correspondence to the HRC, and in reviewing and preparing for the fact finding/mediation conference at the HRC scheduled for November 20, 2001;

    (o)    On November 26, 2001, ATW spent .2 of an hour in briefly attending a conference with Mr. Argue held in our offices. The remaining time, .7 of an hour, was spent by CJW in conference and review with the client and in various telephone calls to and from the HRC.

5.    The total time set forth in the time summary for 2001, attached to the original Petition for Attorneys' Fees and Costs as Exhibit "A" to Exhibit No. 1, accurately reflects the time spent by myself and Ms. Weiss on this case from January 11, 2001 through November 28, 2001, as further explained in paragraph 4 hereof.

Dated: _July 14_, 2008     _____
                                                    CHARLES J. WEISS

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. ARGUE, III, | : |
|     Plaintiff | :    CIVIL ACTION NO. 02-9521 |
| v. | :    JURY TRIAL DEMANDED |
| | : |
| DAVID DAVIS ENTERPRISES, INC., t/a | : |
| DAVIS ACURA, | : |
|     Defendant | : |

### CERTIFICATE OF SERVICE

    I, Charles J. Weiss, Esquire, counsel for Robert E. Argue, III, do hereby certify that a true and correct copy of Second Supplemental Declaration of Charles J. Weiss in Support of Plaintiff's Original Petition for Attorneys' Fees and Costs, was served electronically upon and, also, forwarded to the below listed counsel by prepaid, first-class U.S. Mail dated July 15, 2008:

    Veronica W. Saltz, Esquire
    SALTZ HOLLAENDER, P.C.
    993 Old Eagle School Road
    Suite 412
    Wayne, PA 19087

    By: s/Charles J. Weiss
    Attorney for Robert E. Argue, III