IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT E. ARGUE, III,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| v. | : | NO. 02-CV-9521 |
| | : | |
| **DAVID DAVIS ENTERPRISES, INC. t/a** | : | |
| **DAVIS ACURA** | : | |
| **Defendant.** | : | |
| | : | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND SUPPLEMENTAL DECLARATION IN SUPPORT OF PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND COSTS

Defendant David Davis Enterprises, Inc. t/a Davis Acura ("Davis Acura") respectfully submits a brief response in opposition to plaintiff's Second Supplemental Declaration in Support of Plaintiff's Petition for Attorneys' Fees and Costs. A short response is warranted here because (1) a paralegal billing rate of $165 per hours is entirely unreasonable, and (2) attorneys' fees from November 4, 2004 through October 25, 2006 (the "Disqualification Period") are unreasonable and should be stricken.

In his Second Supplemental Declaration, Mr. Weiss states that his firm's current billing rate for paralegals is $165 per hour. It is anticipated that Mr. Weiss is setting forth this rate for paralegals because this is the rate he hopes to recover for Ms. Starita's fees in this matter. Interestingly, in his original Petition, Mr. Weiss specifically stated that he was not seeking compensation for paralegal time, which he stated his firm regularly charges at $150 per hour. Apparently, based on Mr. Weiss's Second Supplemental Declaration, he has decided to seek compensation for paralegal time (Ms. Starita's time) and the hourly rate has at some point in the last few months been raised from $150 to $165.

A rate of $165 per hour is an entirely unreasonable rate to charge for a paralegal's time, even for a paralegal with as much experience as Ms. Starita allegedly has. The most appropriate indicator of the prevailing market rates in Philadelphia is the schedule produced by the Community Legal Services, Inc. ("CLS"). A review of CLS's most recent fee schedule, a copy of which is attached to plaintiff's Petition for Attorneys' Fees and Costs, indicates that the range suggested for paralegals under the CLS is $70 to $120. Plaintiff's requested paralegal rate of $165 per hour far exceeds even the suggested highest rate for paralegals under the CLS schedule and such an hourly rate is clearly unreasonable. Ms. Starita's rates should be reduced in accordance with the CLS schedule.

Plaintiff is also seeking approximately $30,705.00 in attorneys' fees billed during the Disqualification Period, from November 4, 2004 through October 25, 2006. To award fees during this period would be entirely inequitable as Timoney Knox and Mr. Weiss were not counsel of record during that time. Mr. Weiss claims that with the exception of a small amount of time, all services rendered during this date were related to or caused by the disqualification. Between the date of the disqualification (November 4, 2004) and the end of 2004, plaintiff's attorneys spent approximately 24 hours allegedly reviewing and analyzing the disqualification order and researching the possibility of appeal and/or reconsideration. Yet despite the unreasonable 24 hours spent determining whether to file an appeal and/or a Motion for Reconsideration, nothing was ever filed by plaintiff's counsel in that regard during that time period. Such research and analysis, including the decision of whether to file the appeal, should have taken no more than a few hours.

Further, despite being disqualified as counsel in 2004, plaintiff's counsel spent approximately 17.3 hours during 2005 contacting other counsel, further considering appeal or reconsideration and preparing a Motion to prevent dismissal by the Court. Likewise, in 2006, counsel spent approximately 44.6 hours on various tasks, such as reviewing dockets, interoffice email, telephone conferences with plaintiff, further research and preparation of a Motion for Reconsideration.  Again, as Timoney Knox was not counsel of record during this time, they simply should not be entitled to recover attorneys' fees for work performed while they were disqualified as counsel.  Moreover, plaintiff's counsel should not be compensated for its services during the nearly one year delay in the case which occurred while plaintiff was allegedly attempting to retain new counsel.  Counsel has set forth no valid or persuasive reasons, nor can he, as to why he should be compensated for any services rendered during the Disqualification Period, and such fees should be stricken by the Court.

In conclusion, plaintiff's requested paralegal rate of $165 per hour for Ms. Starita is excessive and must be reduced in accordance with the fee schedule produced by the Community Legal Services, Inc.  Further, plaintiff's counsel should not be awarded any fees for the time period during which he was disqualified as counsel.  Awarding fees for

such a period would be inequitable and unreasonable. Any award of attorneys' fees should reflect the required *reasonableness* under the ADEA and Third Circuit case law and the requested fees simply are not reasonable here.

                                            Respectfully submitted,

                                            __s/Veronica W. Saltz_____
                                            Veronica W. Saltz, Esquire
                                            Alyssa N. Pianelli, Esquire
                                            Attorney I.D. Nos.: 52931/200556
                                            SALTZ POLISHER P.C.
                                            993 Old Eagle School Road, Ste. 412
                                            Wayne, PA 19087
                                            (610) 964-3333

                                            Attorneys for Defendant
                                            David Davis Enterprises, Inc. t/a
                                            Davis Acura

Dated: July 23, 2008

## **CERTIFICATE OF SERVICE**

I, Veronica W. Saltz, Esquire hereby certify that I caused a copy of Defendant David Davis Enterprises, Inc. t/a Davis Acura's Response in Opposition to Plaintiff's Second Supplemental Declaration in Support of Plaintiff's Petition for Attorneys' Fees and Costs to be served this 23rd day of July, 2008, by electronic filing, addressed as follows:

>Charles J. Weiss, Esquire
>Timoney Knox, L.L.P.
>P.O. Box 7544
>400 Maryland Drive
>Fort Washington, PA  19034-7544

>s/Veronica W. Saltz
>Veronica W. Saltz, Esquire