## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT E. ARGUE, III, | : | |
| Plaintiff | : | CIVIL ACTION NO. 02-9521 |
| | : | |
| v. | : | |
| | : | |
| DAVID DAVIS ENTERPRISES, INC., t/a | : | |
| DAVIS ACURA, | : | |
| Defendant | | |

## ORDER

AND NOW, this                day of                         , 2009, upon consideration of Plaintiff's First Supplemental Petition for Attorneys' Fees and Costs, and any Answer thereto, together with any reply to said Answer, it is hereby ORDERED and DECREED that Plaintiff's First Supplemental Petition for Attorneys' Fees and Costs is GRANTED.

It is, therefore, FURTHER ORDERED that plaintiff, Robert E. Argue III, is hereby awarded supplemental attorneys' fees for the period March 18, 2008, through and including May 21, 2009, in the amount of                              DOLLARS ($____) and costs in the amount of                      DOLLARS ($____), equaling the total sum of                      DOLLARS ($____).

Judgment is hereby entered in favor of plaintiff and against defendant, David Davis Enterprises, Inc., t/a Davis Acura, for the sum of _____ dollars ($_____). Post-judgment interest shall accrue on this sum from the date of entry of judgment against defendant.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT E. ARGUE, III, | : | |
| Plaintiff | : | CIVIL ACTION NO. 02-9521 |
| | : | |
| v. | : | |
| | : | |
| DAVID DAVIS ENTERPRISES, INC., t/a | : | |
| DAVIS ACURA, | : | |
| Defendant | | |

### PLAINTIFF'S FIRST SUPPLEMENTAL PETITION FOR
### ATTORNEYS' FEES AND COSTS

Plaintiff, Robert E. Argue III (hereafter "Argue" or "plaintiff"), hereby petitions the Court for a first supplemental award of attorneys' fees and costs pursuant to the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). Under the aforementioned statutes, a prevailing party is entitled to a supplemental award of attorneys' fees and costs. 29 U.S.C. sec. 626(b) of the ADEA, incorporating 29 U.S.C. sec. 216(b) of the FLSA; 43 P.S. sec. 962 of the PHRA.

In support of this First Supplemental Petition, plaintiff relies upon and incorporates herein by reference, as though fully set forth herein at length, the attached Memorandum of Law, and Exhibits "A" and "B," attached hereto, as well as his original Petition for Attorneys' Fees and Costs ("original petition"), the Memorandum of Law in support of said original petition, the exhibits, Declarations, and Supplemental Declarations attached to the original petition or submitted thereafter in support of same, and plaintiff's Reply Memorandum of Law in Support of his original Petition for Attorneys' Fees and Costs, together with any Declarations or Supplemental Declarations and/or other exhibits attached thereto or submitted thereafter in

239769-1

support of same.

TIMONEY KNOX, LLP

/s/ Charles J. Weiss
CHARLES J. WEISS, ESQUIRE
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT E. ARGUE, III,<br>　　　　　　　　　Plaintiff | : | CIVIL ACTION NO. 02-9521 |
| | : | |
| v. | : | |
| | : | |
| DAVID DAVIS ENTERPRISES, INC., t/a<br>DAVIS ACURA,<br>　　　　　　　　　Defendant | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S FIRST SUPPLEMENTAL PETITION FOR ATTORNEYS' FEES AND COSTS

## I.　　BACKGROUND

Following a jury trial which concluded on February 29, 2008, judgment was entered in favor of plaintiff, Robert E. Argue III ("Argue"), on March 4, 2008, in the sum of $127,500. Plaintiff thereafter filed three post-trial motions seeking to alter or amend the amount of the judgment, as well as his original Petition for Attorneys' Fees and Costs, which was inclusive of all services rendered and costs incurred through and including the trial (February 29, 2008), and, also, through and including the filing and service of his three post-trial motions and his original Petition for Attorneys' Fees and Costs. Defendant filed a lengthy post-trial motion seeking judgment as a matter of law or, in the alternative, a new trial.[1]

Since March 18, 2008, the parties have engaged in various other post-trial matters or proceedings, including:

　　　(1)　　defendants' answers to plaintiff's three post-trial motions to alter or amend the judgment,

　　　(2)　　review, analysis, and legal research by plaintiff to determine whether reply memorandums of law were necessary with respect to defendant's answers to plaintiff's three post-trial motions to alter or amend the judgment,

　　　(3)　　plaintiff's detailed review and analysis of defendants' post-trial motions

---

[1] Defendant also sought to modify the amount of the judgment by reducing it by $8,000.00, which reduction was consented to by plaintiff and, thus, not litigated.

239771-1

and Memorandum of Law for judgment as a matter of law or for a new trial, and detailed legal research regarding same,

(4)    plaintiff's obtaining (and paying for) the trial transcript and detailed review of same, particularly with regard to answering and opposing defendants' post-trial motions and in preparing the necessary opposition memorandum of law and sur-reply memorandum of law,

(5)    plaintiff's review/analysis and legal research regarding defendants' reply memorandum of law in support of its post-trial motions,

(6)    legal research and preparation of plaintiff's Sur Reply Memorandum of Law in Opposition to defendants' post-trial motions,

(7)    plaintiff's review and detailed analysis of defendants' answer/objections to plaintiff's original Petition for Attorneys' fees and costs,

(8)    detailed legal research and preparation of plaintiff's Reply Memorandum of Law in Support of his original Petition for Attorneys' Fees and Costs and in opposition to defendants' answer/objections to same, and

(9)    various miscellaneous matters, such as, e.g.:

        (a)    motions or requests for extensions of time,
        (b)    reviewing/analyzing defendants' motion for stay of execution, preparing plaintiff's response thereto, and reviewing/analyzing defendants' reply,
        (c)    obtaining the necessary calculations and preparation of a motion to allow plaintiff's expert's supplement to plaintiff's post-trial motions for pre-judgment and post-judgment interest and the negative income tax consequence,
        (d)    preparation of a motion to allow plaintiff's reply memorandum of law in excess of page limitations,
        (e)    various consultations and discussions/negotiations with defendant re: possible settlement of plaintiff's case,
        (f)    preparation for and attendance at argument on the various post-trial motions filed by both parties,
        (g)    receipt, review and analysis of the court's Order and Memorandum of March 20, 2009 and some legal research regarding same,
        (h)    responding to the court re: plaintiff's supplemental calculation of pre-judgment interest,
        (i)    review, research, preparation, and filing of plaintiff's Motion for Reconsideration of the court's ruling on plaintiff's post-trial motions dealing with the Negative

Income Tax Consequence and Back Pay issues; and legal research regarding its procedural status,

(j)    analyzing the case for purposes of a possible appeal to the 3rd Circuit,

(k)    analyzing defendant's possible appellate issues and its options and deadlines for action, and

(l)    review and preparation of the within First Supplemental Fee Petition and accompanying Memorandum of Law.

Given that plaintiff prevailed at trial, and, now, has, in relevant part, prevailed with respect to certain of his post-trial motions and, except for an $8,000.00 concession, has prevailed on all of defendants' post-trial motions that were in fact contested, plaintiff now seeks attorneys' fees/costs for the time reasonably expended by his law firm for all post-trial services since the filing of his original Petition for Attorneys' Fees and Costs, or from March 18, 2008 through and including the filing of this First Supplemental Petition.  To the extent plaintiff has prevailed post-trial, defendant is obligated to reimburse plaintiff, pursuant to this First Supplemental Fee Petition, for the post-trial attorneys fees and costs described in this Supplemental Petition.

## II.    THE WITHIN FIRST SUPPLEMENTAL PETITION

With respect to this First Supplemental Petition, plaintiff has incurred attorneys' fees and costs beginning on March 18, 2008 and ending, for purposes of this Petition, on May 21, 2009.[2] The services rendered by plaintiff's attorneys have included all of the work set forth in plaintiff's law firm's detailed first supplemental billing statement, attached to this Petition as Exhibit "B," including all services reasonably necessary to handle, prosecute, and/or oppose the various matters and post-trial motions/petitions described at pages 1 - 3 hereof.  The services rendered and costs incurred were necessary in order to properly represent plaintiff's interests in this court

---

[2] Of necessity, this petition does not include any further services that may be required after May 21, 2009, such as, e.g., finalization of this Petition and any reply memorandum of law required because of any answer or objections that may be filed in opposition to this petition, oral argument, if any, etc.

with regard to plaintiff's post-trial motions/petitions and also with regard to defendant's post-trial motions, to preserve plaintiff's hard won victory at trial, and to secure such additional relief as the law allows. The detailed nature of plaintiff's attorneys' services, and the scope and extent of the work required and performed since March 18, 2008, is evident not just from plaintiff's attorneys' first supplemental billing statement attached to this petition as Exhibit "B," but, also, is evident from the numerous and various filings by the parties themselves, including especially defendant's post-trial motions and very lengthy memorandum of law in support of same.

Plaintiff seeks supplemental attorneys' fees in the amount of $61,592.00 for 207.2 hours expended by Timoney Knox, LLP, from March 18, 2008 through and including May 21, 2009. In addition, Plaintiff seeks reimbursement of further costs incurred during this period in the amount of $2,120.04.

For reasons similar to those set forth in plaintiff's original petition for attorneys' fees and costs, which are incorporated herein by reference, the fees and costs sought herein were reasonably and necessarily incurred in connection with the various categories of services described at pages 1 – 3 hereof, which are described in much greater detail in plaintiff's attorney's First Supplemental billing statement attached to this Petition as Exhibit "B" As noted, the services rendered and costs incurred since March 18, 2008, were instrumental in plaintiff's prevailing, to the extent he did, with respect to the parties' various post-trial motions and petitions, as reflected by this court's Order and Memorandum of March 20, 2009, and, also, were necessary to properly prepare and complete this First Supplemental Petition.

## III.    ARGUMENT

As noted, plaintiff previously filed an original petition for attorneys' fees and costs. That petition and all relevant supporting attachments, exhibits, Declarations, and memorandums of law have been incorporated herein by reference, thus obviating the need for plaintiff to repeat the

same legal arguments and citations which are, of course, applicable as well to this First Supplemental Petition. Based on the previously cited authorities, under both the ADEA and the PHRA, to the extent plaintiff has prevailed to date post-trial, he is entitled to a supplemental award of attorneys' fees and costs, per 42 USC sec. 1988, pursuant to the authority granted by 29 U.S.C. sec. 626(b), incorporating 29 U.S.C. sec. 216(b) of the Fair Labor Standards Act, and 43 P.S. sec. 962 of the PHRA.

Herein, Argue is a prevailing party because, at trial, he secured an enforceable judgment on the merits against defendant and, now, he has prevailed on his post-trial motions for pre-judgment interest, in relevant part on his petition for attorney's fees and costs, and on defendant's post-trial motions, thus preserving his jury award/judgment (less his $8,000.00 concession) and adding to his award/judgment.

The court's substantive analysis of a supplemental attorney fee petition for post-trial services and costs is, of course, similar to its substantive analysis of an original fee petition. Thus, based on case law already cited, the party seeking an award of attorneys' fees and costs bears the burden of proving that the request is reasonable. The court must assess the reasonableness of the claimed attorneys' fees and costs by using the lodestar formula. The lodestar formula is determined by multiplying the number of hours reasonably expended on post-trial matters by a reasonable hourly rate. The lodestar is presumed to yield a reasonable fee. However, the court maintains the discretion to adjust the lodestar upward or downward based upon sufficiently specific objections and other evidence, if any, submitted by the parties.

### A.    Counsel's Requested Hourly Rates Are Reasonable

This Court, per its memorandum of March 20, 2009, has already decided what the appropriate current hourly rates should be as applicable to the different people working on this case for plaintiff. The current hourly rates for these individuals are applicable to this First

Supplemental Petition.  Although plaintiff takes issue with the current hourly rate adopted by the

court for Ms. Starita, plaintiff recognizes that, for now, the rates established by this court for Ms.

Starita and others is the law of the case and are binding on the parties.  Therefore, without waiver

of any objection to the hourly rates selected by the court for Ms. Starita and Ms. Crisci, plaintiff

understands that, for purposes of the within First Supplemental Petition, the effective rate for Mr.

Weiss is $425.00 per hour, the effective rate for Mr. Ganz is $225.00 per hour, the effective rate

for Ms. Starita is $112.50 per hour, and the effective rate for Ms. Crisci is $213.75 per hour.[3]


### B.  The Time And Costs Expended On Post-Trial Matters, As Represented By The Within Supplemental Fee Petition And Accompanying Supplemental Billing Statement, Were/Are Reasonable

As previously noted, it is the court's function to determine whether the time expended

was reasonable in light of the work performed, and to exclude, in response to sufficiently

specific objection, excessive, redundant, or unnecessary time.

While an attorney seeking compensation must document the hours for which payment is

sought with sufficient specificity, as can be seen from the attached first supplemental billing

statement in support of the within Petition, plaintiff has submitted an itemized statement

detailing the dates of each service provided or cost incurred, a specific description of the work

performed or cost incurred, the nature or subject matter of the services provided, and the specific

time spent by Mr. Weiss and others on each date.  See Exhibit "B," attached to the within

Petition.  Thus, the services performed on behalf of plaintiff during the post-trial proceedings

from March 18, 2008 to May 21, 2009, have been very specifically set forth.

---

[3] For administrative purposes and to preserve plaintiff's position, Exhibit "B" to the within Petition reflects Ms. Starita's actual current billing rate and the discounted rate originally submitted by plaintiff for Ms. Crisci, not the effective rates selected by the court in its Memorandum of March 20, 2009.

The time spent and costs incurred on the post-trial matters represented by this First Supplemental Petition was/is reasonable and necessary in order to assure that the judgment entered herein on March 4, 2008, is, except for the aforementioned $8,000.00 concession, not altered or amended except in plaintiff's favor, and to assure the defeat of defendant's post-trial motions and plaintiff's continued status as a prevailing party in this litigation. The time spent since March 18, 2008 was necessary given the importance of the litigation to plaintiff and the various issues/arguments raised post-trial. Indeed, consistent with defendant's aggressive approach to defense of this matter throughout the case, defendant's post-trial motions and detailed, very lengthy memorandum in support of same itself required extensive review and substantial analysis, study and outlining of virtually the entire trial transcript, substantial legal research, and drafting of very difficult, lengthy briefs in opposition to defendant's motions.

Finally, the further costs incurred since March 18, 2008, included in the supplemental billing statement attached to the within Petition as Exhibit "B," are typical of those required in prosecuting and/or defending against post-trial motions following a jury verdict, especially in an employment discrimination case. These costs, all of which are itemized, include, without limitation, the cost to obtain the entire trial transcript, which cost was clearly necessary if only to defend against defendant's lengthy post-trial motions.

Thus, the total fees and costs incurred by plaintiff from March 18, 2008 through May 21, 2009, $61,592.00, were the result of the considerable efforts undertaken by counsel so as to assure that plaintiff obtain proper, additional post-trial relief available to him under the law and, primarily, to assure that he continue to occupy prevailing party status throughout the post-trial period.[4]

---

[4] Plaintiff recognizes that, at least to this point, he has not "prevailed" on his post-trial motion seeking recovery of the negative income tax consequence, nor his post-trial motion seeking an increase in his back pay award. Plaintiff

239771-1                                                    7

## IV.    CONCLUSION

For the foregoing reasons, plaintiff requests that this Honorable Court grant his First

Supplemental Petition for Attorneys' Fees and Costs, covering the period from March 18, 2008

through and including May 21, 2009, in the additional amount of $61,592.00 for attorneys' fees

and $2,120.04 for costs, for a total of $63,712.04.


Respectfully submitted,

TIMONEY KNOX, LLP


/s/ Charles J. Weiss
CHARLES J. WEISS, ESQUIRE
Attorney for Plaintiff

---

also did not fully prevail on his original petition for attorneys fees and costs nor on his Motion for Reconsideration
filed after the court's Order and Memorandum of March 20, 2009.  However, as is evident from Exhibit "B," the
great majority of time itemized on counsel's supplemental billing statement related, first, to plaintiff's opposition to
defendant's post-trial motions, second to Plaintiff's Reply to Defendant's Answer/Objections to Plaintiff's Original
Petition for Fees and Costs, and third, to other miscellaneous but necessary services during the post-trial period.

EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT E. ARGUE, III, | : | |
| Plaintiff | : | CIVIL ACTION NO. 02-9521 |
| | : | |
| v. | : | |
| | : | |
| DAVID DAVIS ENTERPRISES, INC., t/a | : | |
| DAVIS ACURA, | : | |
| Defendant | | |

## FURTHER SUPPLEMENTAL DECLARATION OF CHARLES J. WEISS IN SUPPORT OF PLAINTIFF'S FIRST SUPPLEMENTAL PETITION FOR ATTORNEYS' FEES AND COSTS

1.     Paras. 1-6, 8, 12, 13, 15-18, 23, 24 and 25 of my Declaration in Support of Plaintiff's Original Petition for Attorneys' Fees and Costs, along with the other Declarations and exhibits in support of said original Petition, are incorporated herein by reference and made a part hereof as though fully set forth herein at length.

2.     Attached to the within petition as Exhibit "B" is my firm's detailed and complete summary of the time spent on post-trial matters in this litigation by persons in my firm from March 18, 2008 through May 21, 2009 (exclusive of any work as to the 3rd Circuit appeal itself). Exhibit "B" sets forth the date of each service, the time spent on each date, the work performed on each date, and the hours expended by each person working on this case. All time entries were entered contemporaneously with the services provided and accurately and fairly reflect the work done by my firm from March 18, 2008 through May 21, 2009.

3.     Exhibit "B" to the within petition also accurately sets forth the further costs expended and advanced by my firm in this matter from March 18, 2008 through May 21, 2009 (exclusive of appeal costs).

239851-1

4.     All services rendered, as reflected in the first supplemental billing statement attached to the within petition as Exhibit "B," were performed post-trial from March 18, 2008 through and including May 21, 2009. Services were performed by myself, Mr. Joshua Ganz, and Ms. Julie Starita and, in one instance, by Ms. Carol Crisci.

5.     The further services performed by my firm, and all the further costs incurred, from March 18, 2008 through and including May 21, 2009, were reasonably necessary to the prosecution of plaintiff's various post-trial motions and/or original and first supplemental petitions for attorneys' fees and costs and were especially reasonably necessary to the successful defense of defendants' various post-trial motions.

6.     As with plaintiff's original petition for attorneys' fees and costs, the billing summary attached hereto as Exhibit "B" does not reflect the time spent by paralegals during any of the post-trial proceedings.

7.     The services rendered on behalf of Mr. Argue during post-trial proceedings herein from March 18, 2008 through and including May 21, 2009, have included, without limitation, the various type of services described at pgs. 1 – 3 of the Memorandum of Law accompanying the within First Supplemental Petition for Attorneys' Fees and Costs; these services are specifically described in greater detail in Exhibit "B" to the within petition.

8.     Under the circumstances, the hours expended on this case post-trial, as reflected in the first supplemental billing statement attached to the within petition as Exhibit "B," were reasonable, and were reasonably necessary, particularly given defendants' detailed and very lengthy post-trial motions and the length of the trial transcripts.

9.     In total, from March 18, 2008 through May 21, 2009, our firm spent 207.2 hours working on Mr. Argue's case.

10.     The time spent by each person during the time period covered by the within First Supplemental Petition for Attorneys' Fees and Costs is, as noted, specifically itemized in the first supplemental billing statement attached to the within petition as Exhibit "B."

11.     The within First Supplemental Petition does not, of necessity, include the time that will likely be needed to respond or reply to any answer(s) or objection(s) to said First Supplemental Petition which may be filed by defendant.

12.     When the total time worked on this case from March 18, 2008 through and including May 21, 2009, is multiplied by the hourly rates set forth in my firm's first supplemental billing statement, attached to the within Petition as Exhibit "B," which rates (except for Ms. Starita and Ms. Crisci), as the law of this case, are consistent with the rates allowed by the court in its Order and Memorandum of March 20, 2009, the total supplemental fees sought from March 18, 2008 through and including May 21, 2009, are $61,592.00, and the total amount sought for reimbursement of costs advanced by my firm during this time period is $2,120.04.

13.     While, for purposes of this case, the rates for Ms. Starita and Ms. Crisci may be lower per this court's memorandum of March 20, 2009, our firm regularly bills Ms. Starita's hours at $185.00 and Ms. Crisci's hours at $250.00; therefore, for administrative purposes and to preserve plaintiff's position, the billing statement attached to the within Petition as Exhibit "B" reflects Ms. Starita's actual current rate and a discount from Ms. Crisci's actual current rate (given that the original fee petition sought only a discounted $225.00 per hour for Ms. Crisci's time, not $250.00).

14.     The great bulk of the fees requested in the within First Supplemental Petition for Attorneys' Fees and Costs were reasonably and necessarily incurred in connection with the

Reply to Defendant's Answer and Objections to Plaintiff's Original Fee Petition (and to some extent in connection with the within First Supplemental Fee Petition) and, much more so, in connection with plaintiff's opposition to the post-trial motions filed by defendant; these services were instrumental to plaintiff's success on defendant's post-trial motions and on his Original Fee Petition.

15.     The further costs expended in this matter from March 18, 2008 through and including May 21, 2009, were/are typical of those required in prosecuting and/or defending against post-trial motions, particularly in employment discrimination cases.  All such costs are itemized in the first supplemental billing statement attached to the within Petition as Exhibit "B."

Dated: _____, 2009        _____
                                    CHARLES J. WEISS

EXHIBIT "B"

# TIMONEY KNOX, LLP
**P.O. Box 7544**
**400 Maryland Drive**
**Fort Washington, PA  19034-7544**
**Tel (215) 646-6000**
**Fax (215) 646-0379**

Federal Tax I.D.   23-1339676

May 22, 2009

Mr. Robert E. Argue, III
109 Sarah's Lane
Horsham, PA  19044

Re:        09392 - 00002     Robert E. Argue, III vs. David Davis Enterprises, Inc. t/a Davis Acura

Invoice Number:   92041

Professional Services through 5/21/2009

| Atty | Date | Hours | Rate | Description | Amount |
|------|------|-------|------|-------------|--------|
| CJW | 03/18/2008 | 0.50 | 425.00 | Further review, preparation, and finalization of Attorney Fee Petition, Memorandum supporting Exhibits, Timoney Knox Declaration, and billing statements; finalize and service of Petition, et al.; Correspondence with court and Opposing counsel with enclosures. | 212.50 |
| CJW | 03/18/2008 | 0.30 | 425.00 | Receipt and review of notices of electronic filings by defendants; receipt and brief review of defendant's post-trial motion(s); notes regarding same and in re: transcript of trial; conference and review with Julie A. Starita. | 127.50 |
| JAS | 03/18/2008 | 3.60 | 185.00 | Receipt of e-mail from Charles J. Weiss, Esquire re Defendant's post-trial motion(s). Review FRCP and local rule re responding to motions; Conference with Charles J. Weiss, Esquire re foregoing, trial transcript and further handling. Review of Defendant's Motion for Judgement as a Matter of Law, or for New Trial, and to Alter/amend verdict, and supporting brief re same; notes re responding to points made by Defendant, re cases to read and testimony to review. Review of Moore's Federal Practice re Rule 50 motions and Review of jury's verdict. Conference with Charles J. Weiss, Esquire re obtaining the trial transcript. | 666.00 |
| CJW | 03/19/2008 | 0.70 | 425.00 | Further review/analysis, and notes regarding Defendant's Motion for Judgment as a Matter of Law or for New Trial, and to Amend the Judgment; memo regarding fact summary, case law review, and follow-up needed; telephone calls to Clerk and emails regarding obtaining trial transcript; Conference with Julie A. Starita re: defendant's | 297.50 |

09392     Argue, Robert E. III                                    Invoice#   92041        Page   2

| | | | | | |
|---|---|---|---|---|---|
| | | | | motion(s); notes for follow-up regarding fee petition; email from opposing counsel and notes regarding response. | |
| JAS | 03/19/2008 | 2.20 | 185.00 | Conference with Charles J. Weiss, Esquire re obtainng the trial transcript, and re process for responding to Defendant's post-trial motions, and various substantive points for response to same; notes re same. Continued review of defendant's post-trial motion(s);  notes re: same and re: points in response and of cases to read; fact summary. Receipt of e-mail from defense Attorney Pianelli re exhibits to Petition for Atty Fees; confer with Charles J. Weiss, Esquire re same and forward e-mail to him. | 407.00 |
| JAS | 03/20/2008 | 3.20 | 185.00 | Locate and review/analysis of cases cited by Defendant in its Motion for Judgement as a Matter of Law, New Trial, etc. on the prima facie case issue(s) raised by defendant and sufficiency of proof that Argue was qualified for job, and disproving as pretext the proffered reason for discharge. Notes re: the foregoing. Notes re: testimony at trial;  Shephardize cases and continued legal research on several issues raised by Defendant in its brief. | 592.00 |
| CJW | 03/24/2008 | 0.30 | 425.00 | Telephone conferences and Correspondence with the Clerk's office regarding pdf disk of exhibits in support of attorney fee petition and ordering transcript of trial and arranging for receipt of same. | 127.50 |
| CJW | 03/25/2008 | 0.40 | 425.00 | Further review of defendant's post trial motion(s), notes, and analysis; Telephone call to and conference with Julie A. Starita; note for follow-up; Telephone calls and Correspondence regarding obtaining trial transcript. | 170.00 |
| JAS | 03/25/2008 | 4.00 | 185.00 | Begin drafting Memo of Law in Response to Defendant's post-trial motion(s). Review of Moore's Fed. Pract. and FRCP re the foregoing. Further review of case law. Conference with Charles J. Weiss, Esquire re: status of response to Defendant's brief, various facts, issues, etc. | 740.00 |
| CJW | 03/26/2008 | 0.60 | 425.00 | Further review/analysis of defendant's post-trial motion(s), and outline of facts to reference in response; Forwarding outline summary to Julie A. Starita and notes regarding same; receipt of transcripts and brief review of same. | 255.00 |
| JAS | 03/26/2008 | 4.20 | 185.00 | Continued drafting of brief in response to Defendant's post-trial motions; review/analysis of cases in connection therewith (Fuentes, Ezold, Sheridan, Abrams, Stanziale, Keller, Reeves). Shephardize cases, and review of other, subsequent cases; Receipt of e-mail and outline of certain facts from Charles J. Weiss, Esquire and Send e-mail to Charles J. Weiss, Esquire and Joshua S. Ganz, Esquire re Charles J. Weiss' summary and his analysis of defendant's Motion for New Trial and | 777.00 |

09392     Argue, Robert E. III                          Invoice# 92041      Page  3

| | | | | | |
|------|------------|------|--------|-----------------------------------------------------------|--------|
| | | | | assignment of legal research for same to Joshua S. Ganz re: new trial; preparation of list of what needs to be done and cited authorities. | |
| JSG | 03/26/2008 | 1.80 | 225.00 | Review/analysis of defendant's brief in support of new trial motion(s); Legal research regarding standards for new trial. Legal research regarding closing arguments, new trial in relation to same, etc. | 405.00 |
| CJW | 03/27/2008 | 0.50 | 425.00 | Further review of transcripts of trial and further notes re: facts/arguments for our Brief opposing defendant's post-trial motion(s); note for follow-up; intra office emails re: the foregoing. | 212.50 |
| JAS | 03/27/2008 | 2.80 | 185.00 | Conference with Joshua S. Ganz, Esquire re response to Defendant's Motion for New Trial, and source of authorities. Request to Charles J. Weiss, Esquire for details of responding to Defendant's post-trial motion(s) and due dates; Continued drafting of response to Defendant's Motion for Judgment as a Matter of Law. Review of 3rd circuit cases interpreting Reeves. Send e-mail to Joshua S. Ganz, Esquire and to Charles J. Weiss, Esquire re certain aspects of the trial transcripts. | 518.00 |
| JSG | 03/27/2008 | 1.50 | 225.00 | Legal research regarding inflammatory comments to jury. Legal research regarding evidence not of record in closing argument; analysis of cases, notes re: same and for follow-up. | 337.50 |
| CJW | 03/28/2008 | 0.30 | 425.00 | Further review and analysis of Defendant's Post-Trial Motion for New Trial; summary of facts/arguments in response and providing of same to Joshua S. Ganz, Esquire. | 127.50 |
| JAS | 03/28/2008 | 3.40 | 185.00 | Continued drafting of brief in response to Defendant's Motion for Judgement as a Matter of Law. Further review/analysis of case law. Begin reviewing transcripts of trial in detail; Conference with Joshua S. Ganz, Esquire re certain testimony and argument in the trail transcripts. Legal research to locate and review cases in section IV.C.2.a. of Defendant's brief re age of parties, etc. | 629.00 |
| JSG | 03/28/2008 | 2.40 | 225.00 | Review of trial transcripts in re: responding to defendant's Motion for New Trial for inflammatory remarks of counsel; Draft of part of memo of law in response; Further review/analysis of case law and legal research re: same; Conference with Julie A. Starita. | 540.00 |
| JAS | 03/29/2008 | 1.20 | 185.00 | Review and summary of transcript of 2nd day of trial; notes re testimony to use in our brief opposing defendant's Motion for Judgement as a Matter of Law. | 222.00 |
| CJW | 03/31/2008 | 0.50 | 425.00 | Telephone calls to the court and opposing counsel regarding extensions of time for responding to defendants' post-trial motion(s) and plaintiff's petition for attorney fees; preparation of joint motion for extension of time; further review and analysis of portions of defendant's memorandum of | 212.50 |

09392     Argue, Robert E. III                                Invoice# 92041        Page  4

| | | | | | |
|---|---|---|---|---|---|
| | | | | law in support of its post-trial motions; receipt and review of electronic notices re: defendant's answers to plaintiff's post-trial motions for increased back pay, pre-judgment interest, and the negative tax consequence; notes regarding same and for follow-up. | |
| JAS | 03/31/2008 | 3.60 | 185.00 | Further review of transcript of 2nd day of trial; further notes re testimony to use in our brief opposing defendant's motions and insertion of testimony in the brief. Preparation of summary of testimony; Review and revisions to portions of our brief. Further review/analysis of  cases cited by Defendant in section IV.C.2.a. of its brief. Legal research to respond to same and other defense arguments and review of other cases. Telephone call to Charles J. Weiss, Esquire re status of work on the brief, estimate of additional time needed to complete. Continued drafting of brief opposing Defendant's Motion for Judgment as a Matter of Law, up through its arguments at section IV.C.2.c.; Review of defendant's responses to Plaintiff's 3 post-trial motions. | 666.00 |
| JSG | 03/31/2008 | 2.90 | 225.00 | Telephone conference with defense Attorney Pianelli regarding extension for submitting responses. Draft of motion for extension. Correspondence regarding motion. Further legal research and analysis of case law regarding motion for new trial due to inflammatory comments by counsel; notes and summaries re: same.  Review of transcripts of trial re: same. | 652.50 |
| CJW | 04/01/2008 | 0.60 | 425.00 | Review of defendant's Motion to Stay Execution on Judgment and conference with Josh Ganz regarding same; review of trial transcript regarding testimony of Plaintiff, and notes in preparation for review and modifications to Julie A. Starita's latest draft of Memorandum of Law in Opposition to Defendant's Post-Trial Motion(s); filing/service of Motion for Extension of Time to Respond to Defendant's Post-Trial Motion(s). | 255.00 |
| JAS | 04/01/2008 | 3.10 | 185.00 | Continued drafting, revising brief in response to Defendants Motion for Judgment as a Matter of Law. Locate and review/analysis of cases cited by Defendant in section IV.C.2.f. of its brief in support of Motion for Judgment as a Matter of Law. Legal research re cases involving discriminatory remarks in the workplace, sufficiency of proof, and stray remarks. | 573.50 |
| JSG | 04/01/2008 | 3.50 | 225.00 | Further review and analysis of Defendant's Motion for New Trial. Further legal research regarding standard of review for Motion for New Trial.  Draft of  outline of section of brief opposing defendant's motion in re: new trial for inflammatory comments of counsel;   Review trial transcripts and notes re: same; insertion in draft, etc. | 787.50 |

09392     Argue, Robert E. III                    Invoice# 92041      Page  5

| | | | | | |
|---|---|---|---|---|---|
| CJW | 04/02/2008 | 0.80 | 425.00 | Further review/analysis of defendant's post-trial motions, trial transcripts, and notes for preparation of insertion in brief opposing same - all issues. | 340.00 |
| JAS | 04/02/2008 | 5.10 | 185.00 | Finish latest drafting of brief in response to Defendant's Motion for Judgment as a Matter of Law. Begin to review and revise the brief, cite check cases, consult notes on trial transcript for Day 2, and addition of citations from testimony. Further preparation of summary of trial testimony. Review of notes from prior conference with Charles J. Weiss, Esquire re events at trial. Review/analysis of the Abrams case. Begin making list of exhibits and testimony needed for citations in our brief. | 943.50 |
| JSG | 04/02/2008 | 2.40 | 225.00 | Further review and Analysis of Defendant's Motion for New Trial due to inflammatory comments of counsel; Further review and analysis of trial transcripts. Further legal Research regarding issues raised in defendant's brief.  Continued draft of outline of legal argument for brief opposing defendant's motion in re: inflammatory comments of counsel. | 540.00 |
| CJW | 04/03/2008 | 0.70 | 425.00 | Further review of trial transcripts and notes regarding same for insertion in and/or other preparation of Brief Opposing Defendant's Post-Trial Motions. | 297.50 |
| JAS | 04/03/2008 | 4.20 | 185.00 | Continued review and revisions to latest draft of brief in opposition to Defendant's Motion for Judgment as a Matter of Law; annotation of  brief with citations to testimony from Day 2 of the trial. Additions to list of exhibits and testimony needed for citations in the brief. Cite check cases. Begin reading the transcript from Day 3 of the trial; notes and summary re: same for citations in our brief. | 777.00 |
| JAS | 04/04/2008 | 4.00 | 185.00 | Finish review of testimony from Day 3 of trial; review of testimony and rulings of the court from Day 4 of the trial. Preparation of summary of trial testimony; Notes for citations from foregoing testimony to be used in our brief opposing Defendant's Motion for Judgment as a Matter of Law. Memo to Charles J. Weiss, Esquire re status of our brief. Revisions to latest draft of our brief and additions of citations from testimony on 3rd and 4th days of trial. | 740.00 |
| JSG | 04/06/2008 | 2.60 | 225.00 | Further legal research regarding statements of counsel during closing argument.  Legal research regarding effect of lack of objections to or other requests for relief from closing argument.  Review and analysis of trial transcripts related to this issue; Draft of section of brief in opposition to motion for new trial. | 585.00 |
| CJW | 04/07/2008 | 0.80 | 425.00 | Further review of trial transcripts and modifications to portions of latest draft of memorandum of law opposing defendant's post | 340.00 |

09392    Argue, Robert E. III                              Invoice#  92041        Page  6

| | | | | | |
|---|---|---|---|---|---|
| | | | | trial motion for Judgment as a Matter of Law; Forwarding of same to Julie A. Starita; Intraoffice conference with Julie A. Starita re: same; Intraoffice discussions with Josh Ganz regarding post trial motion for new trial and various factual and legal issues regarding same. | |
| JAS | 04/07/2008 | 4.20 | 185.00 | Further revisions to draft of brief opposing Defendant's Motion for Judgment as a Matter of Law; addition of citations from testimony at 3rd and 4th days of trial. Conference with Charles J. Weiss, Esquire re: his modifications and summary by Charles J. Weiss, Esquire at trial re inconsistencies in defense testimony. Begin reading Day 5 of trial trasnscript; notes re testimony for cites in our brief. Preparation of summaries of testimony.  Annotations on latest draft brief to stipulation and testimony. Review of Plaintiff's trial exhibit list and notes re: same. | 777.00 |
| JSG | 04/07/2008 | 2.40 | 225.00 | Further legal research regarding counsel statements during closing arguments, sufficiency of prejudice for new trial, review and analysis of case law; Further draft and revisions to brief in opposition to motion for new trial.  Further review of trial transcripts; Conference and review with Charles J. Weiss, Esquire. | 540.00 |
| CJW | 04/08/2008 | 1.20 | 425.00 | Further review of transcripts of trial, notes, outline of certain key facts; intra office discussions with Josh Ganz and Julie A. Starita regarding our overall memorandum of law opposing defendant's post trial motion(s); review/analysis of latest drafts of same from Julie A. Starita and Joshua S. Ganz, and of key case law; notes for follow-up. | 510.00 |
| JAS | 04/08/2008 | 4.20 | 185.00 | Finish review of Day 5 of trial transcript; notes re testimony for cites in brief. Annotate draft of brief with testimony from Day 5. Begin reviewing Day 6 of trial transcript; notes re testimony for cites in our brief. Preparation of summary of trial testimony.  Conference with Joshua S. Ganz, Esquire re ruling by court re "COP" and remedy for violation of same, re mention of number of "COP" documents. Search for and review of prior testimony by Mr. Davis on after-acquired evidence defense; notes and conference with Charles J. Weiss, Esquire. | 777.00 |
| JSG | 04/08/2008 | 2.30 | 225.00 | Further review and analysis of latest draft of brief in opposition to motion for new trial. Legal research and review of cases regarding cumulative effect of statements during closing. Legal research regarding entry of new evidence into case at closing; notes and conference and review with Charles J. Weiss, Esquire. | 517.50 |
| CJW | 04/09/2008 | 0.60 | 425.00 | Further review and notes/outline of trial transcripts and analysis for use in memorandum of law opposing defendant's post-trial motion(s); | 255.00 |

09392     Argue, Robert E. III                              Invoice# 92041        Page 7

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  | conference with Julie A. Starita re: same. |  |
| JAS | 04/09/2008 | 3.50 | 185.00 | Finish review of transcript of Day 6 of trial; further preparation of summary of trial testimony; notes re citations to our brief opposing Defendant's Motion for Judgment as a Matter of Law. Revisions to brief re: additions to testimony, cites to admissions of documents, etc. Conference with Joshua S. Ganz, Esquire re lack of additional remarks from court re COP documents, status of section of brief responding to Motion for new Trial on grounds of improper comments by counsel, what needs to be done re same. Conference with Charles J. Weiss, Esquire re status of brief. Begin drafting response to Defendant's brief, sections D and D. 1 re Motion for New Trial - in general and on ground of verdict against the great weight of evidence. | 647.50 |
| JSG | 04/09/2008 | 0.80 | 225.00 | Legal research regarding defendant's Motion to Stay Execution.  Legal research regarding new evidence introduced into the case during closing arguments;  Revisions to brief opposing motion for new trial re: inflammatory or improper comments of counsel. | 180.00 |
| CJW | 04/10/2008 | 2.70 | 425.00 | Further detailed review of file, trial transcripts, and notes; Review and preparation (modifications, re-drafts, etc.) of latest draft of Plaintiff's Answer and overall Memorandum of Law in Opposition to Defendant's Post Trial Motions; intra office conferences with Josh Ganz and Julie A. Starita regarding same; notes for follow-up on 4/11/08. | 1,147.50 |
| JAS | 04/10/2008 | 1.00 | 185.00 | Finish drafting brief in response to Defendant's sections D and D.1 of its brief supporting post-trial motions. Cite check cases. Review/analysis of the Roebuck case. Review and revisions to memorandum of law. Conference with Charles J. Weiss, Esquire re further handling of brief in opposition to Defendant's post-trial motions; forwarding of draft of brief to Charles J. Weiss, Esquire  for his review and revisions. | 185.00 |
| JSG | 04/10/2008 | 0.80 | 225.00 | Further analysis and revisions to section of brief in opposition to motion for new trial re: inflammatory/improper comments of counsel. Legal research regarding multiple issues related to counsel's comments at trial; forwarding of latest draft of brief to Charles J. Weiss, Esquire for his review and revisions; Conference and review with Charles J. Weiss, Esquire. | 180.00 |
| CJW | 04/11/2008 | 4.90 | 425.00 | Further detailed review of file, notes, trial transcripts, prior and current drafts of memorandums of law (covering different issues) opposing defendant's post trial motions; Further review/analysis of case law; intraoffice discussions with Julie A. Starita and Josh Ganz, and further preparation (modifications, re-drafts, etc.) and finalization, filing, and service of plaintiff's final | 2,082.50 |

09392     Argue, Robert E. III                                    Invoice#  92041        Page   8

| | | | | | |
|---|---|---|---|---|---|
| | | | | memorandum of law opposing defendant's post trial motions; notes regarding same and for follow-up; check of docket for defendant's answer to attorney fee/cost petition; memo for follow-up. | |
| JAS | 04/11/2008 | 2.00 | 185.00 | Conference with Charles J. Weiss, Esquire re facts at trial, additional cites to testimony needed in our brief opposing defendant's post-trial motions; Review of latest draft of brief and notes re: additional places for testimony cites. Review of trial transcripts and prior summaries of same and prior notes re: locating specific testimony; notes re same. Further conference with Charles J. Weiss, Esquire re the foregoing and other items in brief. | 370.00 |
| JSG | 04/11/2008 | 1.00 | 225.00 | Further legal research regarding stipulations and effect of same; Further revisions to section of brief in opposition to motion for new trial re: inflammatory comments of counsel; Conference with Charles J. Weiss, Esquire and final review of brief opposing defendant's post-trial motions. | 225.00 |
| CJW | 04/14/2008 | 1.80 | 425.00 | Telephone conference with Andrew Verzilli regarding recalculations of pre-judgment interest and negative tax consequence on basis of potential $119,500.00 and/or $213,234.00 back pay awards; notes regarding same; Receipt and review, analysis, and notes regarding defendant's answer to attorney fee petition and necessary response to same; memo for follow-up; telephone call to Carlos Montoya regarding question as to deadline for reply; forwarding to Joshua S. Ganz for review. | 765.00 |
| JAS | 04/14/2008 | 1.20 | 185.00 | Notes re: law and cases applicable to our Motion to amend judgment to increase the lost wages component of back pay award. Review of cases cited in our back pay motion and analysis to determine possible need for a reply memorandum of law. | 222.00 |
| JSG | 04/14/2008 | 0.80 | 225.00 | Review and analysis of defendant's brief in opposition to plaintiff's petition for attorneys fees; notes re: same and legal research and follow-up needed. | 180.00 |
| CJW | 04/15/2008 | 0.70 | 425.00 | Further review and legal research (case law analysis) regarding issues raised by defendant in its answer/objections to plaintiff's petition for attorney's fees and costs; notes and note for follow-up. | 297.50 |
| JAS | 04/15/2008 | 1.30 | 185.00 | Legal research re: issue of plaintiff's entitlement to full back pay award unless job eliminated or plaintiff unavailable; Review of cases and 3rd circuit model jury instructions; analysis and notes re: same; memo re: possbilities for reply memorandum of law. | 240.50 |
| JSG | 04/15/2008 | 2.20 | 225.00 | Legal research regarding impact of amount of attorneys' fees sought compared to size of jury award - limited success issue; further research regarding reasonable hourly rates and sufficiency | 495.00 |

|   |   |   |   | of evidence re: same; analysis of cases; Draft of outline of memorandum of law in reply to opposition of defendants to attorney fee petition. |   |
|---|---|---|---|---|---|
| CJW | 04/16/2008 | 0.60 | 425.00 | Further review of defendant's answer/memorandum of law to attorney fee petition and notes regarding reply to same, issues, analysis, etc. | 255.00 |
| JAS | 04/16/2008 | 0.70 | 185.00 | Receipt of e-mail from Charles J. Weiss, Esquire re: analysis of law and cases cited in our brief supporting motion to amend judgment to increase back pay. Review of our brief. Send e-mail to Charles J. Weiss, Esquire in response to foregoing; review of case cites. | 129.50 |
| JSG | 04/16/2008 | 1.20 | 225.00 | Further legal research regarding case law cited by defendant and other case law re: defendant's opposition and objections to plaintiff's petition for attorney's fees; Further draft and revisions to outline for reply brief. | 270.00 |
| CJW | 04/17/2008 | 1.20 | 425.00 | Further review and analysis of defendant's answer/objections and memorandum of law to attorney fee petition and notes regarding same; Memo re: Review, analysis and follow-up; telephone conferences with Andrew Verzilli regarding supplemental report and calculations needed based on potential different judgment numbers. | 510.00 |
| JSG | 04/17/2008 | 2.70 | 225.00 | Further legal research and analysis of case law regarding attorneys fees and effect of alleged limited success. Preparation of summary of same (case law) and of key points; Revisions to outline for reply brief.  Memo re: need for exhibits and additional declaration(s). | 607.50 |
| CJW | 04/18/2008 | 1.60 | 425.00 | Further review of file, analysis, review of case law and trial transcripts, and notes for preparation of reply memorandum of law to defendant's answer/objections to attorney fee petition; receipt and review of supplemental report for post trial motions from Andrew Verzilli and notes for follow-up with him, the court, and opposing counsel; Conference with Julie A. Starita. | 680.00 |
| JAS | 04/18/2008 | 0.60 | 185.00 | Conference with Charles J. Weiss, Esquire re further information needed from trial transcripts; notes re same. Search through transcripts for information needed by Charles J. Weiss, Esquire for reply memorandum on Petition for Attorney's Fees; Conference with Charles J. Weiss, Esquire re: the foregoing, testimony, and rulings of the court during trial. | 111.00 |
| JSG | 04/19/2008 | 0.70 | 225.00 | Further legal research regarding attorneys fees for reply memorandum of law; Review of invoices (for costs) as exhibits; Revisions to outline of reply brief. | 157.50 |
| CJW | 04/21/2008 | 2.50 | 425.00 | Further detailed review and analysis of defendant's answer/objections to attorney fee petition; detailed analysis and review of case law, and notes for | 1,062.50 |

09392      Argue, Robert E. III                          Invoice# 92041      Page   10

| | | | | | |
|---|---|---|---|---|---|
| | | | | preparation of reply memorandum of law and supplemental declaration(s) and other exhibits; review of trial transcripts in relevant parts. | |
| JSG | 04/21/2008 | 1.00 | 225.00 | Legal research regarding recovery for and proof of costs and revisions to outline of reply memorandum of law. | 225.00 |
| CJW | 04/22/2008 | 3.10 | 425.00 | Further detailed review, analysis, and preparation of Reply Memorandum of Law (and exhibits) to Defendant's Answer/Objections to Attorney Fee Petition; further detailed case law review, analysis, and summaries of same; review of trial transcripts in relevant parts. | 1,317.50 |
| JSG | 04/22/2008 | 1.50 | 225.00 | Further legal research regarding inclusion and recovery of costs. Further research regarding limited success cases.  Further revisions to case law notes and summaries and to master outline of reply memorandum of law; notes re: exhibits for reply memorandum. | 337.50 |
| CJW | 04/23/2008 | 2.90 | 425.00 | Further detailed review and analysis of defendant's answer/objections to attorney fee petition and case law, and further preparation/drafting and re-drafting of reply memorandum of law, supplemental declaration, and other exhibits in support of Reply to Defendant's Answer/Objections to Attorney Fee Petition; review of trial transcripts in relevant parts. | 1,232.50 |
| JSG | 04/23/2008 | 1.20 | 225.00 | Further legal research regarding case law issues relevant to the recovery of attorney's fees and costs and for replying to defendant's opposition to same. | 270.00 |
| CJW | 04/24/2008 | 3.50 | 425.00 | Further detailed review, analysis, drafting/re-drafting of Reply Memorandum of Law (and exhibits) to Defendant's Answer/Objections to Attorney Fee Petition - several drafts/re-drafts, numerous revisions, etc.; Telephone conference with Andrew Verzilli regarding confirmation of accuracy of his supplemental report and calculations in support of plaintiff's post trial motions and other issues,  including review of tables introduced into evidence at trial to confirm accuracy of portions of reply memorandum of law; preparation of motion to permit reply memorandum on attorney fee petition in excess of maximum page limits. | 1,487.50 |
| JAS | 04/24/2008 | 0.70 | 185.00 | Conference with Joshua S. Ganz, Esquire re details of prior issues researched; Review of time records and notes for Jan. and Feb. 2008 dates and Westlaw bills; draft of summary of reasons for same for reply memorandum of law in opposition to defendant's answer/objections to plaintiff's attorneys fee petition. | 129.50 |
| JSG | 04/24/2008 | 0.90 | 225.00 | Draft of portion of reply brief on Petition for attorneys's fees/costs; Preparation of exhibits thereto; notes re: supplemental declarations. | 202.50 |
| CJW | 04/25/2008 | 3.30 | 425.00 | Further drafting/re-drafting and final preparation of | 1,402.50 |

09392      Argue, Robert E. III                        Invoice#   92041      Page   11

| | | | | | |
|---|---|---|---|---|---|
| | | | | reply memorandum (and exhibits) in opposition to Defendant's Answer/Objections to Attorney Fee Petition; further preparation of motion to allow reply memorandum in excess of maximum page limits; filing/service of same. | |
| JAS | 04/25/2008 | 0.50 | 185.00 | Review of trial transcripts for testimony from expert witnesses re their compensation for giving testimony; conferfence with Charles J. Weiss, Esquire re same. | 92.50 |
| JSG | 04/25/2008 | 0.70 | 225.00 | Preparation of final exhibits to reply memorandum of law in opposition to Defendants Answer/Objections to petition for attorney's fees and costs. | 157.50 |
| CJW | 04/28/2008 | 2.60 | 425.00 | Receipt and review of Defendant's Reply Memorandum of Law in Support of Defendant's Post-Trial Motions; detailed review - consults with Julie A. Starita - and notes for preparation of Sur reply; preparation of outline for Sur reply;  memo regarding issues to resolve and case law needed; preparation of 1st draft of Sur Reply Memorandum of Law; review of trial transcripts in relevant parts; review of case law on stipulations; Telephone conference with Andrew Verzilli; preparation of motion for leave to file supplemental expert report and calculation to plaintiff's motions for pre-judgment interest and the negative income tax consequence. | 1,105.00 |
| JAS | 04/28/2008 | 0.60 | 185.00 | Review of Defendant's reply to our opposition to their post-trial motions; notes re same. Conference with Charles J. Weiss, Esquire re the foregoing and for follow up. | 111.00 |
| JSG | 04/28/2008 | 0.50 | 225.00 | Review defendant's reply brief. Analyze. | 112.50 |
| CJW | 04/29/2008 | 1.90 | 425.00 | Further detailed review/analysis of Defendant's Reply Memorandum of Law in Support of Defendant's post trial motion(s) and further preparation of Sur/reply memorandum of law; notes for further legal research and case law review; re-draft of Sur/reply memorandum of law; review of trial transcripts in relevant parts; further preparation and finalization of Plaintiff's Motion for Leave to file supplement to Plaintiff's Motions for Pre-Judgment Interest and the Negative Income Tax Consequence; filing and service of same | 807.50 |
| JAS | 04/29/2008 | 3.00 | 185.00 | Receipt of e-mail from Charles J. Weiss, Esquire re various specific items in Defendant's reply Brief on their Motion for Judgment as a Matter of Law; Send responsive e-mail to Charles J. Weiss, Esquire re each item. Review of Defendant's original memorandum of law for Judgment as a Matter of Law and our opposition brief. Review of prior notes and summaries re: various trial testimony. Conference with Charles J. Weiss, Esquire re the foregoing and several cites in trial transcripts to locate; notes re further handling. | 555.00 |

09392     Argue, Robert E. III                              Invoice#   92041        Page   12

|  |  |  |  | Search for Hicks case; print out and review/analysis of Hicks case; memo to Charles J. Weiss, Esquire re same. Review/analysis of model jury instructions for ADEA cases. Review of trial transcripts for cites to certain testimony and for discussions of proposed jury instructions and Defendant's Rule 50 motion(s). |  |
| CJW | 04/30/2008 | 1.60 | 425.00 | Further review of file/transcripts/opposing counsel's reply brief on defendant's post trial Motion for Judgment as a Matter of Law, and further draft of sur reply brief; review of case law on stipulations, definition of and standards applicable to the "qualification" for job issue; review of transcripts re: colloquys with the court on jury instructions and defendant's motion for judgment as a matter of law under Rule 50; notes, analysis, further drafting, etc; Conference and review with Julie A. Starita. | 680.00 |
| JAS | 04/30/2008 | 2.50 | 185.00 | Review of transcript from 2/28/08 for certain of the Judge's Jury Instructions and discussions with counsel; Conference with Charles J. Weiss, Esquire re trial transcript findings; Review of lengthy voicemail mesage (2x) from Charles J. Weiss, Esquire re legal issues in the sur-reply brief requiring case cites; notes re same. Receipt and review of further memos from Charles J. Weiss, Esquire re: contents of opening and closing arguments of defense counsel; review of defense counsel's opening and closing arguments, and conference with Charles J. Weiss, Esquire re same; Review of prior notes and memo for follow-up. | 462.50 |
| JSG | 04/30/2008 | 0.50 | 225.00 | Further legal research regarding stipulation, their interpretation as contracts, and analogous contract law. | 112.50 |
| CJW | 05/01/2008 | 0.60 | 425.00 | Review of latest draft of Sur-Reply Memorandum of Law in Opposition to Defendant's post trial Motion for Judgment as a Matter of Law; further review/analysis of defendant's Reply Memorandum; Memo for follow-up and case law received and reviewed. | 255.00 |
| CJW | 05/02/2008 | 0.10 | 425.00 | Review of dockets. | 42.50 |
| CJW | 05/05/2008 | 0.70 | 425.00 | Review/analysis of issues regarding the Stipulation as to the prima facie case; review of relevant provisions of trial transcripts and review/analysis of case law on Stipulations/contracts for inclusion in Sur Reply Memorandum of Law in Opposition to Defendant's Post-Trial Motion(s). | 297.50 |
| CJW | 05/06/2008 | 1.80 | 425.00 | Further review/analysis of relevant portions of the trial transcripts, case law on Stipulations, and case law on contracts applicable to stipulations; further preparation (re-drafts) of Sur-Reply Memorandum of Law in Opposition to Defendant's Post-Trial Motion for Judgment as a Matter of Law; review/analysis of Hicks case cited by defendant in | 765.00 |

09392     Argue, Robert E. III                          Invoice#  92041      Page  13

| | | | | | |
|---|---|---|---|---|---|
| | | | | its Reply Brief and further modifications to Sur Reply Memorandum of Law regarding same. | |
| JAS | 05/06/2008 | 0.30 | 185.00 | Conference with Charles J. Weiss, Esquire re certain facts at trial. Review of our briefs. Look up and print out case for Charles J. Weiss, Esquire. | 55.50 |
| CJW | 05/07/2008 | 1.00 | 425.00 | Further review/analysis and drafting of Sur Reply Memorandum of Law in Opposition to Defendant's Post-Trial Motion for Judgment as a Matter of Law; Analysis and inclusion in Sur Reply Memo of Law of analogous contract law on stipulation issue; note for follow-up on 5/9/08. | 425.00 |
| JAS | 05/07/2008 | 0.10 | 185.00 | Review of local rules and rules of Judge Pratter re sur-reply briefs. Call to Charles J. Weiss, Esquire re same. | 18.50 |
| CJW | 05/08/2008 | 0.70 | 425.00 | Further review, preparation, re-drafting, finalization, and filing/service of Plaintiff's Sur Reply Memorandum of Law in Opposition to Defendant's Post-Trial Motion for Judgment as a Matter of Law; telephone conference and review of status with client; memo regarding possible follow-up. | 297.50 |
| CJW | 06/03/2008 | 0.30 | 425.00 | Receipt and review of court's order regarding oral argument on 7/7, and allowing reply brief on attorney fee petition and supplement to post trial motions; review and notes regarding issues for argument on July 7; telephone call to the court. | 127.50 |
| CJW | 06/10/2008 | 0.10 | 425.00 | Review of court's amended order regarding argument on post-trial motions on 7/7/08. | 42.50 |
| CJW | 06/12/2008 | 0.30 | 425.00 | Notes in preparation for argument on post trial motions on 7/7/08. | 127.50 |
| CJW | 06/24/2008 | 0.40 | 425.00 | Telephone call to the court regarding oral argument; initial preparation of outline for oral argument on 7/7/08. | 170.00 |
| CJW | 06/27/2008 | 0.50 | 425.00 | Compilation of materials/files/transcripts for oral argument on all post-trial motions on 7/7/08. | 212.50 |
| CJW | 07/02/2008 | 0.90 | 425.00 | Telephone call to court; Telephone calls from/to Senry Insurance Company regarding case review and settlement discussions; notes regarding same and for follow-up; review regarding preparation for argument on all post-trial motions on 7/7/08; review and preparation re: portions of trial transcripts; conference with Julie A. Starita. | 382.50 |
| JAS | 07/02/2008 | 0.50 | 185.00 | Conference with Charles J. Weiss, Esquire re Loesch v. City of Philadelphia re Defendant's Motion for Judgment as a Matter of Law or New Trial and review of case. | 92.50 |
| CJW | 07/03/2008 | 1.10 | 425.00 | Telephone conference with client; telephone call to Sentry Insurance Company; further review and preparation for oral argument on all post-trial motions on 7/7/08; review of trial transcripts, etc.; notes regarding further preparation needed. | 467.50 |
| CJW | 07/06/2008 | 0.60 | 425.00 | Further review and preparation for oral argument on all post-trial motions on 7/7/08. | 255.00 |

09392    Argue, Robert E. III                    Invoice# 92041      Page  14

| | | | | | |
|---|---|---|---|---|---|
| CJW | 07/07/2008 | 5.10 | 425.00 | Further detailed review and preparation for oral argument on all post-trial motions today; travel to and from and attendance at argument before Judge Pratter; detailed notes regarding the foregoing; memo regarding status, issues, and follow-up needed. | 2,167.50 |
| CJW | 07/08/2008 | 0.40 | 425.00 | Telephone conferences with client - follow-up review as requested by Judge Pratter at Argument on 7/7/08 regarding supplemental information for attorney fee petition; notes to file and for follow-up. | 170.00 |
| CJW | 07/09/2008 | 1.20 | 425.00 | Further review and follow-up per request for further information/documents by Judge Pratter - review of billing information, history and, in part, case history; preparation of 2nd Supplemental Declaration in Support of Petition for Attorneys' Fees and Costs; draft of correspondence with Judge Pratter and Veronica Saltz, Esquire; Telephone conference and review of status and possible settlement options with Sentry Insurance Company - carrier for defendant - analysis of settlement proposal, defendant's exposure; note for follow-up on 7/10/08. | 510.00 |
| CJW | 07/10/2008 | 1.30 | 425.00 | Telephone conference with plaintiff's expert regarding tax question raised by the court as to the negative income tax consequence on lost wages only ($107,000.00); further review and analysis and detailed preparation of settlement position and options for review with client and communication to Sentry Insurance Company as requested by Sentry and suggested by the court - detailed analysis of potential recoveries, estimated fees/costs, risk analysis, etc.; notes for follow-up with Sentry and opposing counsel. | 552.50 |
| CJW | 07/11/2008 | 0.80 | 425.00 | Further review and preparation of Correspondence with the court and opposing counsel, and preparation of detailed second Supplemental Declaration for the Court regarding original Petition for Attorneys Fees and Costs; further detailed analysis and calculation regarding settlement options, possibilities, and note for follow-up with Sentry. | 340.00 |
| CJW | 07/14/2008 | 0.70 | 425.00 | Further preparation and modifications to Correspondence with the court and Opposing Counsel and of 2nd Supplemental Declaration of Charles J. Weiss in Support of Original Attorney Fees/Costs Petition; Receipt and review of further Supplemental Report of Andrew Verzilli in Support of Alternative Negative Income Tax Calculation; notes regarding the foregoing memo regarding settlement analysis for response to Sentry; finalization of documents for filing/service on 7/15/08. | 297.50 |
| CJW | 07/15/2008 | 0.50 | 425.00 | Further settlement analysis, calculations, list of | 212.50 |

09392      Argue, Robert E. III                              Invoice# 92041       Page   15

| | | | | | |
|---|---|---|---|---|---|
| | | | | options, telephone conferences with client and Sentry. | |
| CJW | 07/16/2008 | 0.60 | 425.00 | Telephone conference with Sentry; telephone conference with client; review of notes regarding settlement, analysis, and options; note for follow-up regarding draft of correspondence to Sentry. | 255.00 |
| CJW | 07/17/2008 | 0.20 | 425.00 | Telephone calls to/from Sentry Insurance Company. | 85.00 |
| CJW | 07/21/2008 | 0.30 | 425.00 | Further overall settlement analysis and telephone calls with client and Sentry Insurance Company. | 127.50 |
| CJW | 07/22/2008 | 0.30 | 425.00 | Email from the court and response thereto; Receipt and review of email from Opposing Counsel; telephone conference with Opposing Counsel; Telephone conference with client. | 127.50 |
| JAS | 07/22/2008 | 0.10 | 185.00 | Receive e-mail from Carlos Montoya, Judge Pratter's Law Clerk. Receive e-mail from Atty Salz. Telephone call to Mr. Montoya, left message. | 18.50 |
| CJW | 07/23/2008 | 0.80 | 425.00 | Receipt and review of emails and enclosures from Opposing Counsel regarding Declaration from Veronica Saltz opposing plaintiff's petition for the negative income tax consequences; notes regarding same and for follow-up; notes for follow-up with Sentry Insurance Company and client regarding settlement analysis and options. | 340.00 |
| CJW | 07/24/2008 | 0.20 | 425.00 | Email to Carlos Montoya and Opposing Counsel; Telephone conference with client. | 85.00 |
| CJW | 07/25/2008 | 0.10 | 425.00 | Receipt and review of email from Carlos Montoya; Telephone call to client and note for follow-up. | 42.50 |
| CJW | 07/30/2008 | 0.40 | 425.00 | Review of notes; telephone conference and correspondence with Sentry; receipt and review of correspondence from Sentry; notes for follow-up; telephone conference with client. | 170.00 |
| CJW | 08/04/2008 | 0.40 | 425.00 | Review and preparation of notes and file documents for settlement telephone conference on 8/5/08; Telephone call to Sentry. | 170.00 |
| CJW | 08/05/2008 | 0.40 | 425.00 | Review of file and telephone conference with Sentry Insurance Company regarding settlement; notes re: same. | 170.00 |
| CJW | 08/07/2008 | 0.20 | 425.00 | Receipt and review of emails from opposing counsel and email to opposing counsel. | 85.00 |
| CJW | 08/08/2008 | 0.40 | 425.00 | Telephone calls from/to Sentry Insurance Company; continued settlement discussions, etc. | 170.00 |
| CJW | 08/11/2008 | 0.20 | 425.00 | Telephone calls to and from Sentry Insurance Company. | 85.00 |
| CJW | 08/12/2008 | 0.30 | 425.00 | Review of notes; draft of Correspondence with Sentry; Telephone calls to/from Sentry. | 127.50 |
| CJW | 08/22/2008 | 0.40 | 425.00 | Telephone conferences with opposing counsel and joint correspondence with the court; notes regarding case status, settlement status. | 170.00 |
| CJW | 08/26/2008 | 0.40 | 425.00 | Conference with client regarding status and potential settlement; Telephone conference with opposing counsel regarding status and potential | 170.00 |

09392    Argue, Robert E. III                    Invoice# 92041       Page  16

| | | | | settlement; notes to file. | |
|------|-----------|------|--------|------------------------------------------------------|--------|
| CJW | 08/27/2008 | 0.30 | 425.00 | Telephone conference with client and correspondence to/from opposing counsel; preparation of joint correspondence to the court; memo regarding status, follow-up. | 127.50 |
| CJW | 08/28/2008 | 0.20 | 425.00 | Receipt and review of email from opposing counsel; telephone conference with client; note for follow-up. | 85.00 |
| CJW | 11/20/2008 | 0.30 | 425.00 | Review of dockets; Telephone conference to review status with client; Discussion of all options. | 127.50 |
| CJW | 02/05/2009 | 0.70 | 425.00 | Telephone conferences with client; Receipt and review of recent 3rd Circuit decision allowing recovery of negative income tax consequence; Analysis; Notes re: same. | 297.50 |
| CJW | 04/02/2009 | 1.60 | 425.00 | Review of court's order/memorandum of 3/20/09; Telephone conference and correspondence with expert Andrew Verzilli regarding negative tax consequence; Telephone conference with client; notes regarding court's order and opinion; review of dockets; follow-up regarding pre-judgment interest issue, first draft of correspondence with enclosures to the court regarding pre-judgment interest; telephone call to Julie A. Starita re: supplemental fee petition/timing issues vs. original petition for fees/cost; and District Court jurisdictional issue. | 680.00 |
| CJW | 04/03/2009 | 0.70 | 425.00 | Further review, notes, Telephone calls to/from client; Telephone call to Anthony Verzilli; notes for follow-up; final draft of Correspondence with enclosures to the court and Opposing Counsel regarding pre-judgment interest; telephone call from Julie A. Starita re: supplemental fee petition/timing issue, District Court jurisdictional issue (collateral matter). | 297.50 |
| JAS | 04/03/2009 | 0.80 | 185.00 | Legal research/review re: timing requirements for supplemental vs. original fee petition and District Court jurisdictional issue; review of Taylor case - 3rd Circuit; White v. New Hampshire case - Supreme Court shepardizing cases; telephone call to Charles J. Weiss re: same. | 148.00 |
| JAS | 04/06/2009 | 2.50 | 185.00 | Review/analysis of court's memorandum and opinion of 3/20/09; review of case law; preparation of motion for reconsideration regarding negative income tax denial and request for increase in back pay; telephone conference with Anthony Verzilli. | 462.50 |
| JAS | 04/07/2009 | 2.80 | 185.00 | Further review and preparation of motion for reconsideration of memorandum and opinion of 3/20/09 regarding negative income tax impact and request to increase back pay - several drafts; telephone calls to Charles J. Weiss. | 518.00 |
| CJW | 04/08/2009 | 1.60 | 425.00 | Telephone conferences with Andrew Verzilli and client; review of draft of motion for reconsideration and memorandum of law; revisions to same; receipt and review of Anthony Verzilli's | 680.00 |

09392      Argue, Robert E. III                          Invoice#  92041       Page   17

|      |            |      |        |                                                                                                                                                                                                                                                                                                                                                                                                |          |
|------|------------|------|--------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------|
|      |            |      |        | report;  finalization, filing, and service of Plaintiff's Motion for Reconsideration.                                                                                                                                                                                                                                                                                                            |          |
| CJW  | 04/13/2009 | 2.70 | 425.00 | Further, more detailed review/analysis of Judge Pratter's Memorandum and Order of 3/20/09; review of prior briefs and case law; analysis of potential basis for possible appeal to 3rd Circuit regarding back pay, negative tax consequence, and attorney's fees issues; detailed notes and memo regarding same; Correspondence and email regarding same; notes re: reconsideration motion and possible defense appeal. | 1,147.50 |
| CJW  | 04/14/2009 | 3.60 | 425.00 | Further review/analysis and notes regarding possible appeal to 3rd Circuit by plaintiff and/or defendant; review regarding viability of appealing to 3rd circuit vis a vis Judge Pratter's Opinion/analysis in comparison with case authorities and existing record; notes/memo regarding areas for appeal for which good or reasonable arguments exist regarding back pay, negative tax consequence, and attorney's fees issues; preparation of summary of issues/arguments. | 1,530.00 |
| CAC  | 04/17/2009 | 0.80 | 225.00 | Review of federal appeal issue re: final judgment for appeal, effect of FRCP 58.                                                                                                                                                                                                                                                                                                               |   180.00 |
| CJW  | 04/20/2009 | 2.60 | 425.00 | Further detailed review/analysis and notes regarding Judge Pratter's memorandum and order of 3/20/09 and review of relevant case law; notes regarding same; preparation of notice of appeal and related documents; Telephone conferences with Clerk of Court; filing/service of appeal; notes for follow-up re: possible defense appeal/case appeal deadline, etc.; note re: motion for reconsideration, status and follow-up needed. | 1,105.00 |
| CJW  | 04/22/2009 | 0.50 | 425.00 | Note to file; notes regarding appellate issues - on relief available and issues if defense appeal is filed; notes regarding supplemental fee petition to be prepare, background review needed from Julie A. Starita, and reasonable time requirement; note re: motion for reconsideration issues and procedural status re: same. | 212.50 |
| CJW  | 04/27/2009 | 1.00 | 425.00 | Analysis/notes re: legal issues, case law supporting various issues; issues still pending in District Court - supplemental fee petition, defense issues, etc. re: possible cross appeal; note re: possible follow-up reconsideration issues. | 425.00 |
| CJW  | 05/01/2009 | 0.50 | 425.00 | Notes re: deadline for cross appeal and reviewed request that Julie A. Starita complete background for preparation of first supplemental petition for fees/costs; review of portion of file, dockets, history since March 18, 2008. | 212.50 |
| CJW  | 05/05/2009 | 1.20 | 425.00 | Background review and notes/outline for preparation of first supplemental fee petition; review of services, history, etc.; memo re: supporting documents needed, memorandum | 510.00 |

09392      Argue, Robert E. III                          Invoice# 92041       Page  18

| | | | | | |
|---|---|---|---|---|---|
| | | | | needed. | |
| CJW | 05/08/2009 | 1.10 | 425.00 | Further background review; analysis and preparation of first supplemental fee petition and related documents, exhibits, etc.; notes re: need for billing statement when available after 5/15/09. | 467.50 |
| CJW | 05/12/2009 | 0.90 | 425.00 | Further background review and preparation of first supplemental fee petition and related documents. | 382.50 |
| CJW | 05/19/2009 | 0.50 | 425.00 | Further preparation of first supplemental fee petition and related documents. | 212.50 |
| CJW | 05/20/2009 | 0.70 | 425.00 | Further preparation of first supplemental fee petition and related documents. | 297.50 |
| CJW | 05/21/2009 | 1.30 | 425.00 | Further preparation of first supplemental fee petition and related documents - several drafts; finalization and arrange for filing and service of same on 5/22/09. | 552.50 |

$61,592.00

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CAC | ..... | 0.80 | hrs at | 225.00 | /hour | 180.00 | |
| JSG | ..... | 38.30 | hrs at | 225.00 | /hour | 8617.50 | |
| JAS | ..... | 77.70 | hrs at | 185.00 | /hour | 14374.50 | |
| CJW | ..... | 90.40 | hrs at | 425.00 | /hour | 38420.00 | |
| | | 207.20 | | | | 61592.00 | |

---

Expenses Billed Through 5/21/2009

| | | |
|---|---|---|
| 03/24/2008 | Vendor LAWS TRANSCRIPTION SERVICE;  Trial transcript fee | 1,783.10 |
| 03/27/2008 | Westlaw Services:  Online legal research | 1.54 |
| 04/11/2008 | Westlaw Services:  Online Legal Research | 93.99 |
| 04/15/2008 | Vendor FEDERAL EXPRESS CORP.;  Delivery to Charles Weiss, Esq. from Laws Transcription Service | 36.04 |
| 04/15/2008 | Vendor FEDERAL EXPRESS CORP.;  Delivery to Charles Weiss, Esq. from Laws Transcription Service | 36.04 |
| 04/15/2008 | Vendor Jeffrey Nugent;  Courier service to File D/O Check | 65.00 |
| 04/16/2008 | Westlaw Services: Online Legal Research for post trial motion. | 15.14 |
| 04/21/2008 | Westlaw Services:  Online Legal Research for post trial motion. | 70.30 |
| 07/29/2008 | Vendor PACER SERVICE CENTER;  Docket searches in PA Eastern District Court on 4/3, 4/25, 5/5 | 2.64 |
| 07/07/2008 | Vendor CHARLES J. WEISS;  Travel Expenses - Parking in Philadelphia for Argument | 16.25 |

$2,120.04

Billing Summary

| | |
|---|---|
| Total professional services | $61,592.00 |
| Total expenses incurred | $2,120.04 |
| Total of new charges for this invoice | $63,712.04 |
| Total balance now due | $63,712.04 |

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT E. ARGUE, III, | : | |
| Plaintiff | : | CIVIL ACTION NO. 02-9521 |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| DAVID DAVIS ENTERPRISES, INC., t/a | : | |
| DAVIS ACURA, | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Charles J. Weiss, Esquire, counsel for Robert E. Argue, III, do hereby certify that a true

and correct copy of Plaintiff's First Supplemental Petition for Attorneys' Fees and Costs and

Memorandum of Law in Support of said Petition were served electronically and by pre-paid, first

class U.S. mail upon the below listed counsel on May 22, 2009:


Veronica W. Saltz, Esquire
SALTZ HOLLAENDER, P.C.
993 Old Eagle School Road
Suite 412
Wayne, PA 19087


By:  s/Charles J. Weiss
Attorney for Robert E. Argue, III

239872-1